■ SHIRLEY SCALICE, Respondent, v MONICA E. CARTER, Appellant. (Appeal No. 2.) [825 NYS2d 652]—Appeal from an order of the Supreme Court, Erie County (Rose H. Sconiers, J.), entered March 20, 2006. The order granted defendant's motion to dismiss the complaint unless plaintiff served the summons and complaint on or before a certain date.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs. Present—Hurlbutt, J.P., Gorski, Smith and Pine, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER BOSWELL, Also Known as "C", Appellant. [825 NYS2d 896]—

Appeal from a judgment of the Wayne County Court (Dennis M. Kehoe, J.), rendered November 23, 2005. The judgment convicted defendant, upon his plea of guilty, of attempted criminal sale of a controlled substance in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of attempted criminal sale of a controlled substance in the third degree (Penal Law §§ 110.00, 220.39 [1]). We agree with defendant that his waiver of the right to appeal is invalid with respect to any challenge to the sentence. County Court expressly excluded any challenge to the sentence from the scope of the waiver of the right to appeal in the event that defendant was sentenced to a term of incarceration in excess of one year and, upon reviewing the presentence report, the court sentenced defendant to a determinate term of incarceration of 2½ years. Nevertheless, we conclude that the sentence is not unduly harsh or severe. Defendant's further contention with respect to the factual sufficiency of the plea allocution does not survive the waiver of the right to appeal (*see People v Spivey*, 9 AD3d 886 [2004], *lv denied* 3 NY3d 712 [2004]). Present—Scudder, P.J., Hurlbutt, Gorski and Martoche, JJ.