[940 NYS2d 306]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES DeYOUNG, Appellant.

Second Department, March 20, 2012

**APPEARANCES OF COUNSEL**

*Warren Redlich*, Albany, for appellant.

*Francis D. Phillips II, District Attorney*, Middletown (*Elizabeth L. Guinup* and *Andrew R. Kass* of counsel), for respondent.

**OPINION OF THE COURT**

LOTT, J.

On this appeal, the defendant contends that the County Court

improperly denied his application to participate in judicial diversion pursuant to CPL article 216, which was enacted as part of the Drug Law Reform Act of 2009 (*see* L 2009, ch 56, § 1, part AAA, § 4). We agree, as the record does not support the County Court's finding that the defendant's alcohol and substance abuse and dependence were not contributing factors to his criminal behavior.

### Legal Background

"CPL article 216, included in the Drug Law Reform Act of 2009, is part of the latest effort by the Legislature to encourage courts and prosecutors to consider placing individuals who commit certain felony narcotics possession and sale crimes in order to financially support their drug or alcohol addictions into a substance abuse program, rather than sending them to jail. The Drug [Law] Reform Act of 2004, a precursor to CPL article 216, was . . . enacted, in part, to provide for shorter sentence[s] for addicted individuals who sell drugs to support their addiction. In 2009, the Legislature entrusted the judiciary with the power to not only impose much lower, and sometimes even nonincarceratory sentences in felony cases in which addicts have been convicted of selling [or possessing] narcotics, but also 'diverting' these individuals from any prison sentence, and placing them into treatment, without first obtaining the prosecutor's consent" (*People v Jordan*, 28 Misc 3d 708, 713 [2010] [citations omitted]).

Pursuant to CPL article 216, at any time after the arraignment of an "eligible defendant," but prior to the entry of a plea of guilty or the commencement of trial, a court, at the request of an eligible defendant, may order an "alcohol and substance abuse evaluation" (CPL 216.05 [1]). An "[e]ligible defendant" is defined as any person who stands charged in an indictment or superior court information with a class B, C, D, or E felony offense defined in Penal Law article 220 or 221 or any other specified offense defined in CPL 410.91, subject to certain exceptions for defendants previously convicted of or currently charged with violent crimes (CPL 216.00 [1]). The "[a]lcohol and substance abuse evaluation" shall include an evaluation as to whether the defendant has a history of alcohol or substance abuse or depen-

dence and a co-occurring mental disorder or mental illness, and a recommendation as to whether the defendant's alcohol or substance abuse or dependence, if any, could be effectively addressed by judicial diversion in accordance with CPL article 216 (CPL 216.00 [2]).

Upon receipt of the completed alcohol and substance abuse evaluation report, either party may request a hearing on the issue of whether the eligible defendant should be offered alcohol or substance abuse treatment pursuant to CPL article 216 (*see* CPL 216.05 [3] [a]). Upon the completion of such a proceeding, the court

"shall consider and make findings of fact with respect to whether:

"(i) the defendant is an eligible defendant as defined in subdivision one of section 216.00 of this article;

"(ii) the defendant has a history of alcohol or substance abuse or dependence;

"(iii) such alcohol or substance abuse or dependence is a contributing factor to the defendant's criminal behavior;

"(iv) the defendant's participation in judicial diversion could effectively address such abuse or dependence; and

"(v) institutional confinement of the defendant is or may not be necessary for the protection of the public" (CPL 216.05 [3] [b]).

"When an authorized court determines, pursuant to [CPL 216.05 (3) (b)], that an eligible defendant should be offered alcohol or substance abuse treatment, or when the parties and the court agree to an eligible defendant's participation in alcohol or substance abuse treatment, an eligible defendant may be allowed to participate in the judicial diversion program offered by [article 216]. Prior to the court's issuing an order granting judicial diversion, the eligible defendant shall be required to enter a plea of guilty to the charge or charges; provided, however, that no such guilty plea shall be required when:

"(a) the people and the court consent to the entry of such order without a plea of guilty; or

"(b) based on a finding of exceptional circumstances, the court determines that a plea of guilty shall not be required" (CPL 216.05 [4]).

Upon the court's determination that the defendant has successfully completed the judicial diversion program,

"the court shall comply with the terms and conditions it set for final disposition when it accepted the defendant's agreement to participate in the judicial diversion program. Such disposition may include, but is not limited to: (a) requiring the defendant to undergo a period of interim probation supervision and, upon the defendant's successful completion of the interim probation supervision term . . . permitting the defendant to withdraw his or her guilty plea and dismissing the indictment; or (b) requiring the defendant to undergo a period of interim probation supervision and, upon successful completion of the interim probation supervision term . . . permitting the defendant to withdraw his or her guilty plea, enter a guilty plea to a misdemeanor offense and sentencing the defendant as promised in the plea agreement, which may include a period of probation supervision pursuant to section 65.00 of the penal law; or (c) allowing the defendant to withdraw his or her guilty plea and dismissing the indictment" (CPL 216.05 [10]).

## Factual and Procedural Background

The defendant was charged with criminal possession of marijuana in the first degree in violation of Penal Law § 221.30, a class C felony. In an order dated February 4, 2010, the County Court granted the defendant's request pursuant to CPL 216.05 (1) for an alcohol and substance abuse evaluation.

Pursuant to the County Court's order, Forrest Hutchinson, a certified alcohol and substance abuse counselor, completed an evaluation of the defendant on February 11, 2010. The evaluation noted that the defendant, who was then 36 years old, began drinking alcohol at the age of 12 and using marijuana at the age of 13. He was a daily drinker until his discharge from the Army at the age of 26, after which he became a daily marijuana user. After cutting down on the frequency of his marijuana use following his arrest, the defendant described current withdrawal symptoms. He returned to daily alcohol use after his arrest,

consuming 10 drinks per day. The defendant also had been using prescription opiate pain medication once or twice per week for the previous five years. The defendant had never received substance abuse treatment, but he was receiving mental health treatment for depression symptoms. In the "Conclusions" section of his evaluation, Hutchinson wrote:

> "[The defendant] describes symptoms consistent with a diagnosis of cannabis dependence with a history of alcohol dependence and opiate abuse. [He] reports that he was paid $5,000 to facilitate the transfer of cannabis from California to New York. He reports three such occasions and having been paid for the first two trips as the last time he was arrested before receiving payment. [The defendant] acknowledges that the money he was paid was used to cover expenses beyond just his cannabis and alcohol addictions. It should be noted that [the defendant] reports that the person he says he was working for was also a person he met through his cannabis dependent lifestyle. What is paramount to the Evaluator is that [the defendant's] admitted criminal act was for the purpose of financial gain rather than for funding his cannabis and alcohol dependence and his criminal activities are deemed by the evaluator as beyond the intention of CPL 216."

In a letter to the County Court dated March 3, 2010, the defendant's attorney, inter alia, requested a hearing on the issue of whether the defendant should be offered alcohol or substance abuse treatment pursuant to CPL 216.05 (3) (a). In support, he submitted a letter from Michael V. Ellis, a psychologist, dated November 24, 2009, and a letter from Gale Siegel, a licenced clinical social worker with the United States Department of Veterans Affairs, dated March 1, 2010. Dr. Ellis, who had conducted a psychological evaluation of the defendant at the request of the defendant's counsel, wrote that he had recommended a comprehensive treatment protocol for cannabis dependence and polysubstance abuse and a psychiatric evaluation for possible medication of anxiety and mood disorders. Dr. Ellis further noted that he had referred the defendant to a local Veterans Administration Hospital for this purpose, and that the defendant agreed to follow through on this recommendation. Siegel wrote in her letter that the defendant was an active patient at the clinic in which she worked, had attended all

scheduled appointments, and had been compliant with all directives. Siegel stated that the defendant acknowledged his cannabis dependence, wished to end it, and would participate actively in treatment to that end.

A hearing was conducted on April 16, 2010. At the hearing, Hutchinson's testimony was consistent with his written evaluation. Hutchinson stated that treatment "[a]bsolutely" could help the defendant's substance abuse and/or dependence, but stated that he had no opinion as to whether judicial diversion might help the defendant's treatment. Hutchinson did opine that institutional confinement of the defendant was not required. Hutchinson also indicated that the defendant had told him that he transported approximately 220 pounds of marijuana, and was paid $5,000 for making a single trip. Hutchinson repeated that he did not believe the defendant was a viable candidate for judicial diversion based on his understanding of CPL 216.05 because he "thought [the defendant] had made a decision to participate in an illegal activity that was motivated by financial need that was beyond that of the need for his maintaining his substance dependence and abuse." This conclusion was based on the amount of money in question and the fact that the defendant had told Hutchinson that the money was used to pay rent, bills, and insurance in addition to being used to purchase marijuana and alcohol.

At the conclusion of the hearing, the County Court stated that, although the defendant was an "[e]ligible defendant" within the meaning of CPL 216.00 (1) and had a history of alcohol or substance abuse and dependence, it would deny the defendant's application for judicial diversion because the defendant's alcohol and substance abuse and dependence were not contributing factors to his criminal behavior (see CPL 216.05 [3] [b] [iii]).

After the County Court's ruling, and following an off-the-record conference, the defendant's attorney stated that the defendant wished to plead guilty to the indictment in exchange for the court's offer that there would be a "cap of six months in jail and five years probation," with the "understanding that he's preserving his right to appeal only on the issue of diversion." The defendant then executed a written waiver of the right to appeal that contained a handwritten notation that the defendant preserved his right to appeal "only on the issue of judicial diversion," and pleaded guilty to criminal possession of marijuana in the first degree. On June 2, 2010, the County

Court sentenced the defendant to a period of five years' probation, noting that this was the recommendation of the Orange County Department of Probation and that this was the defendant's first arrest. The defendant appeals, arguing that his application for judicial diversion was improperly denied.

## Analysis

■ Initially, contrary to the People's contention, appellate review of the defendant's claim that his application for judicial diversion was improperly denied is not foreclosed by his plea of guilty. Inasmuch as the defendant pleaded guilty with the understanding that he was preserving his right to appeal the denial of judicial diversion, and executed a waiver of his right to appeal that specifically excluded his right to appeal the denial of judicial diversion, the defendant clearly did not knowingly and intelligently waive his right to appeal the denial of his application for judicial diversion (*see People v Lopez*, 6 NY3d 248, 256 [2006]; *People v Fiumefreddo*, 82 NY2d 536, 543 [1993]). Moreover, inasmuch as a defendant is generally required to plead guilty as part of the judicial diversion process (*see* CPL 216.05 [4]), judicial diversion is not incompatible with the defendant's guilt.

Turning to the merits, as noted above, upon the completion of a hearing on the issue of whether a defendant should be offered judicial diversion, the court

> "shall consider and make findings of fact with respect to whether:
>
> "(i) the defendant is an eligible defendant as defined in subdivision one of section 216.00 of this article;
>
> "(ii) the defendant has a history of alcohol or substance abuse or dependence;
>
> "(iii) such alcohol or substance abuse or dependence is a contributing factor to the defendant's criminal behavior;
>
> "(iv) the defendant's participation in judicial diversion could effectively address such abuse or dependence; and
>
> "(v) institutional confinement of the defendant is or may not be necessary for the protection of the public" (CPL 216.05 [3] [b]).

There is no dispute that the defendant is an eligible defendant as defined in CPL 216.00. Contrary to the People's contention on appeal, there also is no reason to conclude that the defendant did not have a history of alcohol or substance abuse or dependence, or that the defendant's reported drug history was exaggerated so that he could enroll in judicial diversion (*cf. People v Jordan*, 28 Misc 3d at 716-717). In his letter, Michael V. Ellis, the psychologist who interviewed the defendant at the request of the defendant's counsel, stated that the defendant "was open and honest in discussing the arrest and related substance use issues, with no evidence of deceit or dissembling." Forrest Hutchinson, the court-appointed evaluator, concluded, based on his interview and the symptoms described by the defendant, that the defendant had a history of both alcohol and substance abuse and dependence. Indeed, the People did not even argue before the County Court that the defendant did not have a history of alcohol or substance abuse or dependence.

Furthermore, the record does not support the County Court's finding that the defendant's alcohol and substance abuse and dependence were not factors contributing to his criminal behavior. Hutchinson wrote in his report that the defendant said that the person he was working for when he facilitated the transport of cannabis from California to New York was someone the defendant had met through his cannabis-dependent lifestyle. Hutchinson also testified at the hearing that the defendant reported to him that he used part of the proceeds of the criminal transaction to purchase marijuana and alcohol to support his addictions. The fact that the defendant also used some of the proceeds for other purposes does not detract from the conclusion that his alcohol and substance abuse and dependence were factors contributing to his criminal behavior. The statute does not require that a defendant's alcohol or substance abuse or dependence be the exclusive or primary cause of the defendant's criminal behavior—it only requires that it be a contributing factor. Under the circumstances of this case, there is no logical basis for concluding that the defendant's lifelong history of alcohol and substance abuse was not a contributing factor to his criminal behavior.

In explaining its finding, the County Court placed much emphasis on the amount of marijuana and money involved in the transactions facilitated by the defendant in this case. While some County Court and Supreme Court cases suggest that diversion is appropriate only for low-level offenders (*see e.g. People*

*v Coco*, 28 Misc 3d 563, 565 [2009]), the Legislature specifically made defendants charged with crimes up to class B felonies eligible for judicial diversion (*see* CPL 216.00 [1]). Class B felonies involve relatively large quantities of drugs (*see e.g.* Penal Law §§ 220.16, 220.39), and people who sell such quantities of drugs are unlikely to spend the entire profit on drugs. Nevertheless, the Legislature made such persons eligible for judicial diversion.

■ The County Court also explained that if it were to adopt the defendant's interpretation of CPL 216.05 (3) (b) (iii), then anyone "who is caught in a drug transaction, who also . . . can demonstrate some sort of drug dependence or abuse, would then be free to be diverted and not have to suffer criminal penalties." We disagree. This observation ignores the last factor set forth in CPL 216.05 (3) (b), i.e., whether institutional confinement of the defendant is or may not be necessary for the protection of the public. This last factor gives the court discretion to deny diversion to persons who have substance abuse problems that contributed to their offense, but ought to receive prison time. Here, the court implicitly found that institutional confinement of the defendant was not necessary, as, after denying judicial diversion, it only sentenced the defendant to a period of probation.

Finally, with respect to the fourth factor set forth in CPL 216.05 (3) (b), i.e., whether the defendant's participation in judicial diversion could effectively address his or her abuse or dependence, Dr. Ellis recommended a comprehensive treatment protocol for cannabis dependence and polysubstance abuse, and reported that the defendant agreed to follow through on this recommendation. Gale Siegel, the social worker with the United States Department of Veterans Affairs, indicated that the defendant was actively participating in such treatment, and wished to end his cannabis dependence. At the hearing, Hutchinson stated that treatment "[a]bsolutely" could help the defendant's substance abuse and/or dependence.

Since all of the factors set forth in CPL 216.05 (3) (b) militate in favor of judicial diversion, the County Court should have granted the defendant's application for judicial diversion pursuant to CPL article 216.

Accordingly, the judgment is reversed, on the facts and in the exercise of discretion, the defendant's application to participate in judicial diversion pursuant to CPL article 216 is granted, and the matter is remitted to the County Court, Orange County, for further proceedings in accordance with CPL article 216.

Skelos, J.P., Dickerson and Leventhal, JJ., concur.

Ordered that the judgment is reversed, on the facts and in the exercise of discretion, the defendant's application to participate in judicial diversion pursuant to CPL article 216 is granted, and the matter is remitted to the County Court, Orange County, for further proceedings in accordance with CPL article 216.