People v Alston (2018 NY Slip Op 03324)





People v Alston


2018 NY Slip Op 03324


Decided on May 8, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 8, 2018

Sweeny, J.P., Renwick, Mazzarelli, Gesmer, Singh, JJ.


6485 5140/12

[*1]The People of the State of New York, Respondent,
v
Marvin Alston, Defendant-Appellant.


Seymour W. James, Jr., The Legal Aid Society, New York (David Crow of counsel), and Cahill Gordon & Reindel LLP, New York (Frederick Glasgow of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Jonathon Krois of counsel), for respondent.



Judgment, Supreme Court, New York County (Patricia M. Nuñez, J.), rendered May 30, 2013, convicting defendant, upon his plea of guilty, of criminal sale of a controlled substance in the third degree, and sentencing him to a conditional discharge for a period of three years, unanimously modified, on the law and as an exercise of discretion, to the extent of vacating the sentence and remanding for judicial diversion consistent with this opinion, and otherwise affirmed.
The court improvidently exercised its discretion in denying defendant's request to participate in the judicial diversion program. The court based this determination on the erroneous ground that defendant had failed to establish that his "substance abuse or dependence [wa]s a contributing factor to [his] criminal behavior" (CPL 216.05[3][b][iii]). "The statute does not require that a defendant's . . . substance abuse or dependence be the exclusive or primary cause of the defendant's criminal behavior," but "only requires that it be a contributing factor" (People v DeYoung, 95 AD3d 71, 79 [2d Dept 2012]). In this case, defendant pleaded guilty to selling cocaine to an undercover police officer for $300, and was found carrying that amount in prerecorded buy money, an additional $880 in cash, and three cell phones. Defendant reported that his heavy use of marijuana cost him about $50 to $60 per day. In light of these facts and other particular circumstances of this case, defendant's need for enough money to fund that habit evidently contributed to his criminal behavior of selling cocaine.
Accordingly, the court should order judicial diversion pursuant to CPL article 216, giving due recognition to the drug treatment program defendant has already completed. This result is consistent with one of the purposes of judicial diversion, which is to permit a defendant to achieve a disposition other than a felony conviction, where appropriate.
We have considered and rejected the People's contentions regarding preservation.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 8, 2018
CLERK