People v Moye (2018 NY Slip Op 05783)





People v Moye


2018 NY Slip Op 05783


Decided on August 15, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 15, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
LEONARD B. AUSTIN
ROBERT J. MILLER
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE, JJ.


2016-12759
 (Ind. No. 2138/14)

[*1]The People of the State of New York, respondent,
v
Supreme Moye, appellant.


Paul Skip Laisure, New York, NY (Yvonne Shivers of counsel), for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, and Christopher J. Blira-Koessler of counsel; Denna Russo on the memorandum), for respondent.



DECISION & ORDER
Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Queens County (John B. Latella, J.), imposed November 7, 2016, upon his plea of guilty, on the ground that the sentence was excessive.
ORDERED that the sentence is affirmed.
A defendant who has validly waived the right to appeal cannot invoke this Court's interest of justice jurisdiction to obtain a reduced sentence (see People v Lopez, 6 NY3d 248, 255). Here, however, this Court is not precluded from exercising its interest of justice jurisdiction because the defendant did not validly waive his right to appeal the severity of the sentence (see People v Boswell, 35 AD3d 1218; see generally People v DeYoung, 95 AD3d 71). During the plea allocution, the Supreme Court expressly excluded the sentence from the waiver of the right to appeal by telling the defendant that he was giving up the right to appeal with the exception of, among other things, the length of his sentence. Moreover, although the defendant concedes that he signed a written waiver indicating that he waived the right to appeal the severity of the sentence, a written waiver "is not a complete substitute for an on-the-record explanation of the nature of the right to appeal" (People v Bradshaw, 76 AD3d 566, 569, affd 18 NY3d 257; see People v Brown, 122 AD3d 133, 139).
Nevertheless, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
SCHEINKMAN, P.J., AUSTIN, MILLER, HINDS-RADIX and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court