People v Commissiong (2021 NY Slip Op 03193)





People v Commissiong


2021 NY Slip Op 03193


Decided on May 19, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 19, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2019-12272
 (Ind. No. 186/17)

[*1]The People of the State of New York, respondent,
v
Eric Commissiong, appellant.


Paul Skip Laisure, New York, NY (Mark W. Vorkink of counsel), for appellant.
Michael E. McMahon, District Attorney, Staten Island, NY (Morrie I. Kleinbart of counsel; Esmer Mujaj on the brief), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Alexander Jeong, J.), rendered November 1, 2018, convicting him of criminal possession of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, without a hearing, of the defendant's motion pursuant to CPL article 216 to participate in a judicial diversion program.
ORDERED that the judgment is reversed, on the facts and as a matter of discretion in the interest of justice, that branch of the defendant's motion which was for a hearing pursuant to CPL 216.05(3) is granted, and the matter is remitted to the Supreme Court, Richmond County, for a hearing pursuant to CPL 216.05(3) and, if warranted, further proceedings thereafter in accordance with CPL article 216.
The defendant was indicted on one count of criminal possession of a controlled substance in the third degree and related charges. The defendant moved, inter alia, pursuant to CPL 216.05(4) to participate in alcohol or substance abuse treatment, or, in the alternative, for a hearing pursuant to CPL 216.05(3), to determine whether he should be offered alcohol or substance abuse treatment. The Supreme Court denied the motion in its entirety.
After the Supreme Court's ruling, the defendant agreed to plead guilty to one count of criminal possession of a controlled substance in the third degree, in full satisfaction of the indictment, in exchange for a determinate sentence of imprisonment of three years plus two years of postrelease supervision. At sentencing, the defendant, in effect, made a pro se motion to withdraw his plea of guilty. The court denied the defendant's motion, and sentenced the defendant in accordance with the sentence promised. The defendant appeals.
Contrary to the People's contention, "appellate review of the defendant's claim that his application for judicial diversion was improperly denied is not foreclosed by his plea of guilty" (People v DeYoung, 95 AD3d 71, 78; see People v O'Keefe, 112 AD3d 524, 524).
Pursuant to CPL 216.05(3)(a), upon receipt of a completed alcohol and substance abuse evaluation report, as defined by CPL 216.00(2), either the People or an "eligible defendant" (CPL 216.00[1]), may request a hearing on the issue of whether the eligible defendant should be [*2]offered alcohol or substance abuse treatment (see CPL 216.05[3][a]; People v DeYoung, 95 AD3d at 74).
Based upon the specific facts and circumstances of this case, the Supreme Court improvidently exercised its discretion in denying the defendant's motion without first conducting a hearing pursuant to CPL 216.05(3)(a) on the issue of whether the defendant should be offered alcohol or substance abuse treatment. It is undisputed that the defendant is an "eligible defendant" as defined in CPL 216.00(1), and that an "alcohol and substance abuse evaluation" as defined in CPL 216.00(2) was completed. Based upon the conclusions contained in that evaluation, the court should have granted that branch of the defendant's motion which was for a hearing on the issue of whether he should be offered alcohol or substance abuse treatment (see CPL 216.05[3][a]).
Accordingly, we reverse the judgment, grant that branch of the defendant's motion which was for a hearing on the issue of whether he should be offered alcohol or substance abuse treatment, and remit the matter to the Supreme Court, Richmond County, for a hearing, and if warranted, for further proceedings in accordance with CPL article 216.
In light of our determination, the parties' remaining contentions have been rendered academic.
MILLER, J.P., LASALLE, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court