■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID LANCE PAULIN, Appellant. [902 NYS2d 817]—Order, Supreme Court, Bronx County (John P. Collins, J.), entered November 12, 2009, which denied defendant's CPL 440.46 motion for resentencing, unanimously affirmed.

Defendant is not eligible to be resentenced under the 2009 Drug Law Reform Act (L 2009, ch 56), in that he was released on parole from custody on his drug conviction, but reincarcerated for a parole violation (see People v Pratts, 74 AD3d 536 [2010]). Concur—Tom, J.P., Sweeny, Catterson, McGuire and Román, JJ.

■ In the Matter of PRINCE A., a Person Alleged to be a Juvenile Delinquent, Appellant. [902 NYS2d 818]—Order of disposition, Family Court, Bronx County (Sidney Gribetz, J.), entered on or about December 23, 2008, which adjudicated appellant a juvenile delinquent upon a fact-finding determination that he committed acts that, if committed by an adult, would constitute the crime of criminal sexual act in the first degree (two counts), and placed him on probation for a period of 18 months, unanimously affirmed, without costs.

The court's finding was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the court's determinations concerning credibility. The court properly permitted the eight-year-old victim to give sworn testimony, since his voir dire responses established that he sufficiently understood the difference between truth and falsity, the nature of a promise to tell the truth, and the wrongfulness and consequences of lying (see People v Nisoff, 36 NY2d 560, 565-566 [1975]; People v Cordero, 257 AD2d 372 [1999], lv denied 93 NY2d 968 [1999]). The record does not support appellant's assertion that the voir dire consisted primarily of leading questions. Concur—Tom, J.P., Sweeny, Catterson, McGuire and Román, JJ.