[952 NE2d 1028, 929 NYS2d 36]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID LANCE PAULIN, Appellant.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JESUS PRATTS, Appellant.

THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JAMES F. PHILLIPS, Respondent.

Argued June 2, 2011; decided June 28, 2011

**POINTS OF COUNSEL**

*Center for Appellate Litigation*, New York City (*Mark W. Zeno* and *Robert S. Dean* of counsel), for appellant in the first and second above-entitled actions. The court erroneously found appellant ineligible to apply for 2009 Drug Law Reform Act resentencing on the grounds that he was in Department of Correctional Services (DOCS) custody following a parole violation where the plain language of CPL 440.46 requires only that an offender be in DOCS custody on a class B drug felony, and contains no exclusion relating to an offender's parole status. (*Doctors Council v New York City Employees' Retirement Sys.*, 71 NY2d 669; *Patrolmen's Benevolent Assn. of City of N.Y. v City of New York*, 41 NY2d 205; *Majewski v Broadalbin-Perth Cent. School Dist.*, 91 NY2d 577; *Matter of Tall Trees Constr. Corp. v Zoning Bd. of Appeals of Town of Huntington*, 97 NY2d 86; *Sega v State of New York*, 60 NY2d 183; *Finger Lakes Racing Assn. v New York State Racing & Wagering Bd.*, 45 NY2d 471; *Johnson v Hudson Riv. R.R. Co.*, 49 NY 455; *People v Smith*, 79 NY2d 309; *People v Graham*, 55 NY2d 144; *Matter of Guido v Goord*, 1 NY3d 345.)

*Robert T. Johnson, District Attorney*, Bronx (*Maureen L. Grosdidier* and *Joseph N. Ferdenzi* of counsel), for respondent in the first above-entitled action. I. Defendant's appeal is moot because his sentence has reached its maximum expiration date. (*Matter of Hearst Corp. v Clyne*, 50 NY2d 707.) II. The Appellate Division correctly held that the Drug Law Reform Act of 2009 was not intended to permit parole violators to be eligible to seek resentencing to a lower prison term whereas those defendants who abided by their parole terms would not be eligible. (*Doctors Council v New York City Employees' Retirement Sys.*, 71 NY2d

669; *United States v Monia*, 317 US 424; *People v Mills*, 11 NY3d 527; *Matter of Petterson v Daystrom Corp.*, 17 NY2d 32; *People v White*, 73 NY2d 468; *People v Utsey*, 7 NY3d 398; *People v Rodriguez*, 68 AD3d 676; *People v Bagby*, 11 Misc 3d 882.)

*Lily Goetz*, New York City, *Sara Manaugh* and *Paul Keefe*, for New York City Bar Association, amicus curiae in the first and second above-entitled actions. I. Parole violators convicted of class B drug felonies are eligible to seek resentencing under the 2009 Drug Law Reform Act. (*Majewski v Broadalbin-Perth Cent. School Dist.*, 91 NY2d 577; *Tompkins v Hunter*, 149 NY 117; *People v Kisina*, 14 NY3d 153; *People v Figueroa*, 27 Misc 3d 751; *People v Rivera*, 26 Misc 3d 1236[A], 2010 NY Slip Op 50425[U]; *People v Avila*, 27 Misc 3d 974; *People v Gonzalez*, 29 AD3d 400, 7 NY3d 867; *People v Bagby*, 11 Misc 3d 882; *People v Brown*, 26 Misc 3d 1204[A], 2010 NY Slip Op 50000[U].) II. The legislature gave judges wide discretion in evaluating the merits of individual resentencing applications. (*People v Jones*, 25 Misc 3d 1238[A], 2009 NY Slip Op 52483[U].)

*Robert T. Johnson, District Attorney*, Bronx (*Maureen L. Grosdidier, Joseph N. Ferdenzi* and *Rafael Curbelo* of counsel), for respondent in the second above-entitled action. I. The Appellate Division correctly held that the Drug Law Reform Act of 2009 was not intended to permit parole violators to be eligible to seek resentencing to a lower prison term whereas those defendants who abided by their parole terms would not be eligible. (*People v Mills*, 11 NY3d 527; *Matter of Petterson v Daystrom Corp.*, 17 NY2d 32; *Doctors Council v New York City Employees' Retirement Sys.*, 71 NY2d 669; *People v White*, 73 NY2d 468; *People v Utsey*, 7 NY3d 398; *People v Rodriguez*, 68 AD3d 676; *People v Bagby*, 11 Misc 3d 882; *People v Buss*, 11 NY3d 553.) II. Defendant's argument regarding mootness is premature since he remains incarcerated. (*Matter of Hearst Corp. v Clyne*, 50 NY2d 707.)

*Francis D. Phillips, II, District Attorney*, Goshen (*Lauren E. Grasso* and *Andrew R. Kass* of counsel), for appellant in the third above-entitled action.

*Mark Diamond*, New York City, for respondent in the third above-entitled action.

### OPINION OF THE COURT

SMITH, J.

The 2009 Drug Law Reform Act (DLRA) allows certain prisoners sentenced under the so-called Rockefeller Drug Laws to be

resentenced. We hold that prisoners who have been paroled, and then reincarcerated for violating their parole, are not for that reason barred from seeking relief under the statute.

## I

David Lance Paulin, Jesus Pratts and James Phillips all committed class B felonies involving narcotics, and were sentenced to indeterminate prison terms under the Rockefeller Drug Laws, which governed sentencing of drug offenders until 2005. Paulin and Pratts received sentences of 2 to 6 years and Phillips 5 to 10 years. All were paroled, violated their parole, and were sent back to prison. After the enactment of the 2009 DLRA, they applied for resentencing.

Supreme Court denied the applications, holding that relief under the statute was not available to reincarcerated parole violators. In *Paulin* and *Pratts*, the Appellate Division agreed with that conclusion, and affirmed (*People v Paulin*, 74 AD3d 685 [1st Dept 2010]; *People v Pratts*, 74 AD3d 536 [1st Dept 2010]). In *Phillips*, the Appellate Division reversed, holding that the 2009 DLRA did not render parole violators "ineligible to apply for resentencing" (*People v Phillips*, 82 AD3d 1011, 1012 [2d Dept 2011]).

In each case, a Judge of this Court granted leave to appeal (15 NY3d 854 [2010]; 15 NY3d 895 [2010]; 16 NY3d 834 [2011]). The *Phillips* case, however, has become moot, because the maximum term of Phillips's sentence has expired, and the People's appeal in that case must be dismissed.

The People argue that the *Paulin* and *Pratts* cases are also moot. We disagree. Though Paulin's maximum sentence for his original drug conviction, like Phillips's, has now expired, Paulin was sentenced in another case involving a later crime while he was still imprisoned on the earlier charge. If he is resentenced on the earlier charge, that resentencing could affect the time credited toward his later sentence. As for Pratts, the expiration date of his maximum sentence has not been reached. He has again been released on parole, but as we hold in *People v Santiago* (17 NY3d 246 [2011] [decided today]), that release does not defeat the application for resentencing that he made while still in prison.

We therefore retain jurisdiction in *Paulin* and *Pratts*. We reverse in both cases.

## II

The 2009 DLRA is codified (in part) at CPL 440.46. It permits people imprisoned for class B drug felonies committed while the Rockefeller Drug Laws were in force to apply to be resentenced under the current, less severe, sentencing regime. At the time of Paulin's and Pratts's applications, CPL 440.46 (1) said:

> "Any person in the custody of the department of correctional services convicted of a class B felony offense defined in article two hundred twenty of the penal law which was committed prior to January thirteenth, two thousand five, who is serving an indeterminate sentence with a maximum term of more than three years, may, except as provided in subdivision five of this section, upon notice to the appropriate district attorney, apply to be resentenced to a determinate sentence in accordance with sections 60.04 and 70.70 of the penal law in the court which imposed the sentence."*

Paulin and Pratts fit squarely within the text of the 2009 DLRA. Both were, when they applied for resentencing, in the custody of the Department of Correctional Services; both were convicted of class B felonies defined in Penal Law article 220 ("Controlled Substances Offenses") that were committed before January 13, 2005; both were serving indeterminate sentences with a maximum exceeding three years; and the exceptions in CPL 440.46 (5) do not apply to them. Section 440.46 (5) excludes from the coverage of the 2009 DLRA anyone serving a sentence, or having a predicate felony conviction, for a crime designated an "exclusion offense"; nothing in subdivision (5) refers to the parole status of an offender.

The People nevertheless argue that the 2009 DLRA must be read as inapplicable to parole violators like Paulin and Pratts. They rely on the rule that a statute's language need not be "literally or mechanically applied" when to do so "would cause an anachronistic or absurd result" (*Doctors Council v New York City Employees' Retirement Sys.*, 71 NY2d 669, 675 [1988]). The People point out that (at least until the 2011 amendment mentioned in the footnote above) Paulin and Pratts could not

---

* A recent amendment changed the words "department of correctional services" to "department of corrections and community supervision" (L 2011, ch 62). The change is of no consequence in these cases. We need not decide its effect, if any, on other situations.

have applied for relief under the 2009 DLRA while they remained free on parole. To permit them to apply after they were reincarcerated would, the People say, have the absurd result of rewarding them for their parole violations.

We see no absurdity. The purpose of the 2009 DLRA, like that of its predecessors, the 2004 and 2005 DLRAs (L 2004, ch 738; L 2005, ch 643), was to grant relief from what the Legislature perceived as the "inordinately harsh punishment for low level non-violent drug offenders" that the Rockefeller Drug Laws required (Assembly Sponsor's Mem, Bill Jacket, L 2004, ch 738, at 6; *see also* Press Release, *Governor Paterson and Legislative Leaders Announce Three-Way Agreement to Reform New York State's Rockefeller Drug Laws*, Mar. 27, 2009, available at http://www.governor.ny.gov/archive/paterson/press/press_0327091.html [accessed June 17, 2011]; NY State Senator Malcolm A. Smith, *Senate, Governor and Assembly Announce Three-Way Agreement to Reform Rockefeller Drug Laws*, Mar. 27, 2009, available at http://www.nysenate.gov/news/senate-governor-and-assembly-announce-three-way-agreement-reform-rockefeller-drug-laws [accessed June 17, 2011]). By the plain text of the statute, its benefits were limited to those "in the custody of the department of correctional services"; those who had been released on parole could not apply. The Legislature, in making this distinction, obviously did not mean to reward those who had been found not to merit parole. Rather, the Legislature recognized that the burden of "inordinately harsh punishment" falls most heavily on those who are in prison. That rationale is applicable to parole violators, as it is to other imprisoned offenders. It is not inherently absurd to grant relief from a harsh sentence to someone who has violated parole.

It may be, of course, that many parole violators have shown by their conduct that they do not deserve relief from their sentences. But if that is the case, courts can deny their resentencing applications. A provision of the 2004 DLRA, incorporated by reference into the 2009 DLRA (CPL 440.46 [3]), says that a resentencing application need not be granted if "substantial justice dictates that the application should be denied" (L 2004, ch 738, § 23). There is no need to read into the 2009 DLRA a nontextual exception for parole violators.

The People rely on our decision in *People v Mills* (11 NY3d 527 [2008]), but they read *Mills* too broadly. In that case, we interpreted a provision of the 2005 DLRA that has no counterpart in the 2009 act. The 2005 DLRA, applicable to drug offenders in prison for class A-II felonies, says that such an offender

"who is more than twelve months from being an eligible inmate as that term is defined in subdivision 2 of section 851 of the correction law" may apply for resentencing (L 2004, ch 643, § 1). Reading the 2005 statute with the Correction Law definition, we held in *Mills* "that in order to qualify for resentencing under the 2005 DLRA, class A-II felony drug offenders must not be eligible for parole within three years of their resentencing applications" (11 NY3d at 534). This holding is irrelevant to the present case.

The language in *Mills* on which the People now rely was part of our discussion of an argument made by the defendant in *People v Then* (11 NY3d 527 [2008]), decided with *Mills*. That defendant had been convicted of a class A-II drug felony, had been released on parole, had committed a new crime and had been convicted of that crime. As a result, at the time of his resentencing application, Then was back in prison and was more than three years away from parole eligibility on his later conviction. We held that the later conviction should be ignored for purposes of deciding whether Then was entitled to the benefit of the 2005 DLRA: "in order to be eligible for resentencing, an inmate must be more than three years from parole eligibility for the *same* class A-II drug felony for which resentencing is sought" (*id.* at 537). In explaining why we so interpreted the 2005 statute, we mentioned that it would be "illogical, if not perverse" to put Then in a better position because of his new crime than inmates who had not broken the law (*id.*). But we did not suggest that that or any other argument justified what the People ask us to do here: to write into a statute an exception that simply is not there.

Accordingly, the orders of the Appellate Division in *People v Paulin* and *People v Pratts* should be reversed and the cases remitted to Supreme Court for further proceedings in accordance with this opinion. In *People v Phillips*, the appeal should be dismissed.

Chief Judge LIPPMAN and Judges CIPARICK, GRAFFEO, READ, PIGOTT and JONES concur.

In *People v Paulin* and *People v Pratts*: Order reversed, etc.

In *People v Phillips*: On review of submissions pursuant to section 500.11 of the Rules of the Court of Appeals (22 NYCRR 500.11), appeal dismissed.