[952 NE2d 481, 928 NYS2d 665]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NYDIA SANTIAGO, Appellant.

Argued June 2, 2011; decided June 28, 2011

## POINTS OF COUNSEL

*Center for Appellate Litigation*, New York City (*Barbara Zolot* and *Robert S. Dean* of counsel), for appellant. Where the plain language of CPL 440.46 permits "any person" in Department of Correctional Services custody to apply for resentencing and excludes from resentencing only individuals having "exclusion offense[s]," and where resentencing otherwise eligible individuals after their release to parole serves the legislative intent behind this ameliorative statute, the court erroneously denied appellant's application on the ground that she was released to parole after filing her application. (*People v Orta*, 73 AD3d 452, 15 NY3d 755; *Matter of Tall Trees Constr. Corp. v Zoning Bd. of Appeals of Town of Huntington*, 97 NY2d 86; *Majewski v Broadalbin-Perth Cent. School Dist.*, 91 NY2d 577; *Patrolmen's Benevolent Assn. of City of N.Y. v City of New York*, 41 NY2d 205; *Finger Lakes Racing Assn. v New York State Racing & Wagering Bd.*, 45 NY2d 471; *Johnson v Hudson Riv. R.R. Co.*, 49 NY 455; *People v Smith*, 79 NY2d 309; *People v Boothe*, 16 NY3d 195; *Doctors Council v New York City Employees' Retirement Sys.*, 71 NY2d 669; *People ex rel. Joseph II. v Superintendent of Southport Correctional Facility*, 15 NY3d 126.)

*Robert T. Johnson, District Attorney*, Bronx (*Marc A. Sherman, Joseph N. Ferdenzi* and *Rafael Curbelo* of counsel), for respondent. The Appellate Division correctly held that defendant was ineligible for resentencing under the Drug Law Reform Act of 2009 because she had been released on parole and was no longer in custody. (*People v Broadie*, 37 NY2d 100; *People v Orta*, 73 AD3d 452; *People v Danton*, 27 Misc 3d 638; *People v Neely*, 27 Misc 3d 1224[A], 2010 NY Slip Op 50875[U]; *Carney v Philippone*, 1 NY3d 333.)

### OPINION OF THE COURT

SMITH, J.

At least until a recent amendment, the 2009 Drug Law Reform Act (DLRA) allowed only incarcerated offenders, not offenders free on parole, to apply for resentencing (*see People v Paulin*, 17 NY3d 238 [2011] [decided today]). We hold in this case that a prisoner who applied before being paroled is not barred from obtaining resentencing after her release.

Defendant was sentenced to 4¹/₂ to 9 years in prison for a 2003 drug transaction. On November 25, 2009, she filed an application for resentencing under the 2009 DLRA. On December

3, 2009, before the application had been ruled on, she was released on parole. Supreme Court later denied her application, and the Appellate Division affirmed, saying that because defendant "is not in custody, she is not presently eligible for resentencing" (*People v Santiago*, 77 AD3d 407 [1st Dept 2010]). A Judge of this Court granted leave to appeal, and we now reverse.

This case, like *Paulin*, is controlled by CPL 440.46 (1) (codifying, in part, the 2009 DLRA), which as originally enacted said, in relevant part:

> "Any person in the custody of the department of correctional services convicted of a class B felony offense defined in article two hundred twenty of the penal law which was committed prior to January thirteenth, two thousand five, who is serving an indeterminate sentence with a maximum term of more than three years, may . . . apply to be resentenced . . . ."*

It is undisputed that defendant was entitled to "apply" for resentencing when she filed her application, because at that time she was still in custody. The People argue, however, that the statute was not intended to benefit those who have already been released when their applications are decided. The argument is not an unreasonable one. As we point out in *Paulin*, the apparent reason why the Legislature limited the statute's benefit to incarcerated offenders is that they suffer the greatest hardship from severe sentences (*see* 17 NY3d at 244). It is also true, as the People point out, that another avenue of relief is open to parolees. Executive Law § 259-j authorizes the Division of Parole to grant termination of sentence under certain circumstances; subdivisions (3) and (3-a) of that section specifically permit, and in some cases require, the termination of sentences of paroled felony drug offenders.

On the other hand, the 2009 DLRA says only that an offender must be in custody when he or she applies for resentencing; it does not require that custody continue until the application is decided. And to read that requirement into the statute would have significant disadvantages: it could produce gamesmanship,

---

* Here, as in *Paulin*, we need not decide whether a 2011 amendment changing "department of correctional services" to "department of corrections and community supervision" altered the scope of the 2009 DLRA (*see* L 2011, ch 62, part C, subpart B, § 79).

and unnecessarily arbitrary results, by leading the parties, and perhaps some judges, to try to accelerate or slow progress toward a decision in the expectation that parole release will cause the application to fail. We conclude that it is best to read the statute as it is written. We hold that it applies to an offender who was in prison at the time she made her application, even though she was paroled before the application was decided.

Accordingly, the order of the Appellate Division should be reversed and the case remitted to Supreme Court for further proceedings consistent with this opinion.

Chief Judge LIPPMAN and Judges CIPARICK, GRAFFEO, READ, PIGOTT and JONES concur.

Order reversed, etc.