■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARIN HOWARD, Appellant. [926 NYS2d 296]—

Appeal by the defendant from an order of the Supreme Court, Kings County (Sullivan, J.), dated August 19, 2010, which denied his motion to be resentenced pursuant to CPL 440.46 on his conviction of criminal sale of a controlled substance in the third degree, which sentence was originally imposed, upon his plea of guilty, on September 28, 2000.

Ordered that the order is reversed, on the law, and the matter is remitted to the Supreme Court, Kings County, for further proceedings and a new determination of the defendant's motion.

The defendant appeals from an order denying his motion to be resentenced pursuant to CPL 440.46. Contrary to the People's contention, the defendant's release to parole during the pendency of this appeal does not render the appeal academic (*see People v Santiago*, 17 NY3d 246 [2011]; *People v Overton*, 86 AD3d 4 [2011]).

Moreover, "prisoners who have been paroled, and then reincarcerated for violating their parole, are not for that reason

barred from seeking relief under [CPL 440.46]" (*People v Paulin*, 17 NY3d 238, 242 [2011]). Therefore, the Supreme Court erred in denying the defendant's motion on the ground that he was ineligible for resentencing pursuant to CPL 440.46.

The alternate ground raised by the People for affirming the denial of the defendant's motion may not be considered on this appeal by the defendant (*see* CPL 470.15 [1]; *People v LaFontaine*, 92 NY2d 470, 474 [1998]; *People v Goodfriend*, 64 NY2d 695, 697 [1984]; *People v Fields*, 151 AD2d 598, 600 [1989]).

Accordingly, we remit the matter to the Supreme Court, Kings County, for further proceedings and a new determination of the defendant's motion. Dillon, J.P., Covello, Chambers and Roman, JJ., concur.