While defendants' experts concluded that plaintiff had normal range of motion in her shoulder and cervical and lumbar spine, plaintiff raised an issue of fact through the affidavit of her chiropractor, Dr. Rosenfeld, who first examined plaintiff a week after the accident and again in October 2009. Specifically, Dr. Rosenfeld opined that plaintiff did not have normal range of motion and had "sustained a permanent disability as a result of the bulging and herniated discs in her cervical spine and lumbar spine." He concluded that "based upon this patient[']s history, treatment, physical examination, range of motion testing, and review of the MRI and EMG test results," these injuries "are the direct result of the automobile accident of July 23, 2007."

Moreover, Dr. Shapiro, a radiologist, attested to MRI studies (upon which Dr. Rosenfeld relied) that revealed, inter alia, "focal disc bulge at C4-5[,] right paracentral herniation at C5-6," "right foraminal herniation at L3-4, [and] loss of signal and central herniation at L4-5 with extension of disc into the neural foramen bilaterally." Accordingly, this case involves contested issues of fact inappropriate for summary adjudication (see De La Cruz v Hernandez, 84 AD3d 652 [2011]; see also Linton v Nawaz, 62 AD3d 434, 440-441 [2009], affd 14 NY3d 821 [2010]).

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHELDON PARKER, Appellant. [929 NYS2d 192]—

Defendant is eligible for resentencing under the 2009 Drug Law Reform Act (L 2009, ch 56), even though he was released on parole from custody on his drug conviction, but reincarcerated for a parole violation (see People v Paulin, 17 NY3d 238 [2011]). Accordingly, we remand the matter to Supreme Court for further consideration of his application. Concur—Mazzarelli, J.P., Sweeny, Moskowitz, Renwick and Román, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLTON SPIVEY, Appellant. [929 NYS2d 192]—