Defendant is eligible to be resentenced under the 2009 Drug Law Reform Act (L 2009, ch 56), even though he was released on parole from custody on his drug conviction, but reincarcerated for a parole violation (*see People v Paulin*, 17 NY3d 238 [2011]). Accordingly, we remand the matter to Supreme Court for further consideration of his application. Concur—Andrias, J.P., Friedman, Sweeny, Renwick and Román, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT MILES, Appellant. [929 NYS2d 193]—

Defendant is eligible to be resentenced under the 2009 Drug Law Reform Act (L 2009, ch 56), even though he was released on parole from custody on his drug conviction, but reincarcerated for a parole violation (*see People v Paulin*, 17 NY3d 238 [2011]). Accordingly, we remand the matter to Supreme Court for further consideration of his application. Concur—Mazzarelli, J.P., Sweeny, Freedman, Manzanet-Daniels and Román, JJ.

(September 15, 2011)

■ KEVIN PLUDEMAN et al., Respondents, v NORTHERN LEASING SYSTEMS, INC., Appellant, et al., Defendants. [929 NYS2d 246]—

Plaintiffs are small business owners who, as lessees, entered into form leases for certain business equipment with defendant Northern Leasing Systems, Inc. (NLS), as lessor. Each plaintiff signed the form lease on page 1. Paragraph 9 ("Insurance") of the form lease, on page 3 thereof, provides in pertinent part: "If Lessee does not provide evidence of insurance [on the leased equipment], Lessee is deemed to have chosen to buy [a] Loss and Destruction waiver [from NLS] at the price in effect, price which Lessor reserves the right to change from time-to-time." Plaintiffs' cause of action for breach of contract is based on