epidemiological evidence of a rise in non-Fusarium infections. The court properly excluded plaintiffs' epidemiologist from explaining this lack of an epidemiological signal, because the testimony had not been previously disclosed by plaintiffs and would have surprised defendant. Additionally, plaintiffs failed to demonstrate good cause for their failure to disclose the testimony (see CPLR 3101 [d]; *LaFurge v Cohen*, 61 AD3d 426 [2009], *lv denied* 13 NY3d 701 [2009]; *Peguero v 601 Realty Corp.*, 58 AD3d 556, 564 [2009]).

The court properly quashed plaintiffs' subpoena of defendant's expert and former chief medical officer, because the expert had been deposed on three occasions, and plaintiffs failed to articulate any legitimate need for his live testimony (see *Pena v New York City Tr. Auth.*, 48 AD3d 309 [2008]).

We have considered plaintiffs' remaining arguments and find them unavailing. Concur—Mazzarelli, J.P., Friedman, Catterson, Manzanet-Daniels and Román, JJ.

---

Motion for court to take judicial notice of new scientific study denied. **[Prior Case History: 25 Misc 3d 1244(A), 2009 NY Slip Op 52571(U).]**

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE COLON, Appellant. [929 NYS2d 491]—

Defendant is eligible to be resentenced under the 2009 Drug Law Reform Act (L 2009, ch 56), even though he was released on parole from custody on his drug conviction, but reincarcerated for a parole violation (see *People v Paulin*, 17 NY3d 238 [2011]). Accordingly, we remand the matter to Supreme Court for further consideration of his application. Concur—Andrias, J.P., Friedman, Sweeny, Renwick and Román, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD McFADDEN, Appellant. [929 NYS2d 491]—