■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC CHATHAM, Appellant. [931 NYS2d 538]—

Stein, J.

Defendant was convicted after a jury trial of criminal sale of a controlled substance in the third degree (two counts), criminal possession of a controlled substance in the third degree (three

counts) and attempted criminal sale of a controlled substance in the third degree. County Court sentenced defendant to an aggregate prison term of 4 to 12 years. The judgment of conviction was affirmed on appeal (*People v Chatham*, 55 AD3d 1045, 1046 [2008], *lv denied* 14 NY3d 839 [2010]). Defendant was released on parole in 2008 but, thereafter, violated the terms of his parole and was reincarcerated. Defendant then moved for resentencing pursuant to CPL 440.46. County Court denied the motion without a hearing on the basis that he was not eligible for resentencing under that statute. Defendant now appeals.

Under CPL 440.46, which codifies a portion of the Drug Law Reform Act of 2009 (L 2009, ch 56), persons "imprisoned for class B drug felonies committed while the Rockefeller Drug Laws were in force [can] apply to be resentenced under the current, less severe, sentencing regime" (*People v Paulin*, 17 NY3d 238, 243 [2011]; *see* CPL 440.46 [1]). As the statute does not prohibit prisoners who have been paroled, and then reincarcerated for violating their parole, from seeking such relief (*see* CPL 440.46; *People v Paulin*, 17 NY3d at 244), we must remit this matter for County Court to consider defendant's application and grant resentencing, "unless substantial justice dictates that" it be denied (L 2004, ch 738, § 23; *see* CPL 440.46 [3]; *People v Paulin*, 17 NY3d at 244; *People v Samuels*, 80 AD3d 1077, 1078 [2011]).

Peters, J.P., Spain, Rose and Egan Jr., JJ., concur. Ordered that the order is reversed, on the law, and matter remitted to the County Court of Schenectady County for further proceedings not inconsistent with this Court's decision.