■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD ASHTON, Appellant. [943 NYS2d 895]—Appeal by the defendant from an order of the Supreme Court, Kings County (Guzman, J.), entered June 21, 2010, which denied his motion to be resentenced pursuant to CPL 440.46 on his conviction of criminal sale of a controlled substance in the third degree, which sentence was originally imposed, upon his plea of guilty, on September 9, 2004.

Ordered that the order is reversed, on the law, and the matter is remitted to the Supreme Court, Kings County, for further proceedings pursuant to CPL 440.46.

The defendant correctly contends that, contrary to the determination of the Supreme Court, his status as a reincarcerated parole violator did not render him ineligible to apply for resentencing pursuant to the Drug Law Reform Act of 2009, codified in CPL 440.46 (*see People v Paulin*, 17 NY3d 238, 241-242 [2011]; *People v Cobb*, 90 AD3d 779 [2011]; *People v Vidal*, 87 AD3d 1085 [2011]; *People v Santiago*, 87 AD3d 1077 [2011]; *People v Howard*, 85 AD3d 1202, 1202-1203 [2011]). Accordingly, the order appealed from must be reversed, and the matter remitted to the Supreme Court, Kings County, for further proceedings pursuant to CPL 440.46. Mastro, A.P.J., Belen, Sgroi and Miller, JJ., concur. **[Prior Case History: 2010 NY Slip Op 32907(U).]**

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC CALINDA, Appellant. [943 NYS2d 903]—Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Queens County (Chin-Brandt, J.), imposed May 27, 2009, on the ground that the sentence was excessive.

Ordered that the sentence is affirmed.

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Mastro, A.P.J., Angiolillo, Dickerson and Hall, JJ., concur.