■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH SMITH, Appellant. [990 NYS2d 884]—Appeal by the defendant from an order of the Supreme Court, Kings County (Chun, J.), entered April 19, 2012, which denied his motion to be resentenced pursuant to CPL 440.46 on his conviction of criminal sale of a controlled substance in the third degree, which sentence was originally imposed, upon his plea of guilty, on October 24, 2002.

Motion by the respondent to dismiss the appeal on the ground that the appeal has been rendered academic.

Ordered that the motion is granted; and it is further,

Ordered that the appeal is dismissed as academic.

Inasmuch as the maximum term of the defendant's sentence expired during the pendency of this appeal, the appeal has been rendered academic (*see People v Paulin*, 17 NY3d 238, 242 [2011]; *People v Verdejo*, 112 AD3d 761, 761 [2013]; *People v Hernandez*, 108 AD3d 640, 641 [2013]). Balkin, J.P., Austin, LaSalle and Barros, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CAMEY TOBIN, Appellant. [990 NYS2d 866]—Appeal by the defendant from a judgment of the County Court, Nassau County (Gulotta, Jr., J.), rendered March 1, 2013, convicting her of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree, upon her plea of guilty, and imposing sentence. Assigned counsel has submitted a brief in accordance with *Anders v California* (386 US 738 [1967]), in which he moves for leave to withdraw as counsel for the appellant.

Ordered that the judgment is affirmed.

We are satisfied with the sufficiency of the brief filed by the defendant's assigned counsel pursuant to *Anders v California* (386 US 738 [1967]), and, upon an independent review of the record, we conclude that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is, therefore, granted (*see Anders v California*, 386 US 738 [1967]; *Matter of Giovanni S. [Jasmin A.]*, 89 AD3d 252 [2011]; *People v Paige*, 54 AD2d 631 [1976]; *cf. People v Gonzalez*, 47 NY2d 606 [1979]). Mastro, J.P., Lott, Austin and Duffy, JJ., concur.