*249 OPINION OF THE COURT
Chief Judge Lippman.
The issue presented by this appeal is whether the 2011 amendments to CPL 440.46 expanded the class of defendants eligible for resentencing under the Drug Law Reform Act (DLRA) to include those who are on parole at the time resentencing is sought. We left this question open in People v Paulin (17 NY3d 238, 243 [2011]) and People v Santiago (17 NY3d 246, 247 [2011]), and now hold that the amendments did expand eligibility to parolees, and affirm the Appellate Division order (People v Brown, 115 AD3d 155 [2014]) upholding the resentencing of the paroled defendant under that provision.
In the summer of 2001, defendant sold cocaine to an undercover police officer in Queens. On May 30, 2002, defendant pleaded guilty to one count of third-degree criminal sale of a controlled substance, a class B felony, and was sentenced to an indeterminate prison term of 6 to 12 years. He was conditionally released on April 15, 2011, with a maximum expiration date of July 16, 2017.
While on parole for the instant offense, defendant moved for resentencing pursuant to CPL 440.46. The People opposed on grounds that he was ineligible for resentencing under that provision because he was not currently incarcerated. Defendant contended that he was eligible for relief due to the 2011 amendments to section 440.46, which now reflected the merged New York State Department of Correctional Services and New York State Division of Parole under a single agency — the New York State Department of Corrections and Community Supervision (DOCCS) (see L 2011, ch 62, § 1, part C, § 1, subpart B, § 79).* On July 31, 2012, Supreme Court granted defendant’s motion for resentencing. The court concluded that the revised section 440.46 did “not distinguish between defendants who are incarcerated and those who are on parole but are not incarcerated.” The court resentenced defendant to a seven-year determinate prison term to be followed by three years of post- *250 release supervision, making the maximum expiration date of his sentence July 16, 2012.
The Appellate Division unanimously affirmed holding that the plain language of section 440.46, when read together with Executive Law § 259-i (2) (b), meant that non-incarcerated defendants on parole were in the “custody” of DOCCS and, thus, were eligible for resentencing (People v Brown, 115 AD3d at 158). The Court further held that because CPL 440.46 was a remedial statute, it should be liberally construed (id. at 161). A Judge of this Court granted the People leave to appeal (People v Brown, 23 NY3d 961 [2014]), and we now affirm.
“[T]he governing rule of statutory construction is that courts are obliged to interpret a statute to effectuate the intent of the Legislature, and when the statutory language is clear and unambiguous, it should be construed so as to give effect to the plain meaning of the words used” (People v Williams, 19 NY3d 100, 103 [2012], quoting People v Finnegan, 85 NY2d 53, 58 [1995]). The language of CPL 440.46 (1) encompasses “[a]ny person in the custody of [DOCCS]” (emphasis added). A non-incarcerated parolee is within the “legal custody” (Executive Law § 259-i [2] [b]) of DOCCS. Thus, the plain meaning of CPL 440.46 (1) leads to the conclusion that a non-incarcerated parolee is eligible to apply for resentencing under the statute.
Even if the plain language of CPL 440.46 were ambiguous, further analysis would lead us to the same conclusion. First, the People’s contention that the legislature limits use of the term “custody” to defendants who are incarcerated is contradicted by the language of several statutes. Executive Law § 259-i (2) (b), for example, states that a parolee shall be in the “legal custody” of DOCCS until, among other possibilities, “return to imprisonment in the custody of the department” (see also Correction Law § 275 [using both “legal custody” and “custody” in reference to a person who has been granted conditional release]; CPL 410.50 [1] [“Custody. A person who is under a sentence of probation is in the legal custody of the court that imposed it pending expiration or termination of the period of the sentence”]). In fact, multiple provisions of Executive Law § 259-i use the phrase “imprisonment in the custody of the department” or “inmate [in] the custody of the department” to clarify that they refer only to incarcerated persons (see Executive Law § 259-i [2] [c] [A] [iv]; [d] [i], [ii]; [3] [a] [i]).
Furthermore, in Matter of Hawkins v Coughlin (72 NY2d 158 [1988]), this Court rejected an argument that “custody” *251 inherently refers only to incarcerated persons. There, in determining that the defendant was not entitled to a credit pursuant to Penal Law § 70.30 (3), we said that the term “custody,” as used in that statute, meant “ ‘confinement’ or ‘detention’ under guard and not ‘constructive custody’ such as release on parole or bail” (72 NY2d at 162). The Court referred to the legislative history of the statute and determined that “the Legislature intended the provision to apply only to time spent in some type of ‘actual’ custody” (id. at 163). The legislative history of CPL 440.46, however, differs greatly from that attributed to Penal Law § 70.30 (3). In fact, the intent of the DLRA “was to grant relief from what the Legislature perceived as the ‘inordinately harsh punishment for low level non-violent drug offenders’ that the Rockefeller Drug Laws required” (Paulin, 17 NY3d at 244, quoting Assembly Sponsor’s Mem, Bill Jacket, L 2004, ch 738 at 6).
Contrary to the People’s contention, the 2011 amendments were not purely budgetary or technical changes. The 2011 law emphasized “the evolution of the sentencing structure” toward a “focus on reentry,” and the “commonality of purpose governing the fundamental missions of both agencies” to “provide for a seamless network for the care, custody, treatment and supervision of a person, from the day a sentence of state imprisonment commences, until the day such person is discharged from supervision in the community” (L 2011, ch 62, § 1, part C, § 1, subpart A, § 1).
Finally, remedial statutes such as the DLRA should be interpreted broadly to accomplish their goals — in this case the reform of unduly harsh sentencing imposed under pre-2005 law (see McKinney’s Cons Laws of NY, Book 1, Statutes § 321 [“Generally, remedial statutes are liberally construed to carry out the reforms intended and to promote justice”]). In People v Sosa (18 NY3d 436 [2012]), we acknowledged that the language of CPL 440.46 (5) was potentially ambiguous and noted that the DLRA is a remedial statute that should be read broadly unless the limitation proposed is “clearly expressed” (18 NY3d at 440-441). We also noted that any ambiguity in CPL 440.46’s eligibility section should be read in favor of the applicant because a finding of eligibility is simply the first step in the resentencing process — the ultimate decision lies in the exercise of discretion of the reviewing judge as part of the court’s “substantial justice” determination (id. at 443, citing CPL *252 440.46 [3]). Furthermore, this interpretation of CPL 440.46 corrects the anomaly under the pre-merger law of permitting resentencing for parole violators who have been returned to prison, but not for those who had complied with the terms of their parole (see Paulin, 17 NY3d at 244), and is consistent with Santiago, which permitted resentencing where a defendant was incarcerated when he or she applied but was released before a determination was rendered on the application.
Accordingly, the order of the Appellate Division should be affirmed.

 As originally enacted, to be eligible for resentencing under CPL 440.46 an individual had to be convicted of a class B drug felony and “[a] person in the custody of the department of correctional services” (L 2009, ch 56, § 1, part AAA, § 9 [enacting CPL 440.46 (1)]). Accordingly, only incarcerated individuals were eligible to apply for resentencing under CPL 440.46 (see People v Paulin, 17 NY3d 238, 243 [2011]; People v Santiago, 17 NY3d 246, 247 [2011]).