People v Parker (2018 NY Slip Op 02487)





People v Parker


2018 NY Slip Op 02487


Decided on April 11, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 11, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SHERI S. ROMAN
SANDRA L. SGROI
JEFFREY A. COHEN, JJ.


2016-07918

[*1]The People of the State of New York, respondent,
v
Zachary Parker, appellant. (S.C.I. No. 1170/12)


Andrea G. Hirsch, New York, NY, for appellant.
Madeline Singas, District Attorney, Mineola, NY (Yael V. Levy and Mary Faldich of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the County Court, Nassau County (Helene F. Gugerty, J.), dated June 15, 2016, which denied his motion pursuant to CPL 160.58 to conditionally seal the record of his convictions of criminal possession of a controlled substance in the fifth degree, criminal possession of a controlled substance in the seventh degree, and criminal possession of marihuana in the fifth degree.
ORDERED that the order is reversed, on the law, without costs or disbursements, and the matter is remitted to the County Court, Nassau County, for further proceedings in accordance herewith.
In 2012, the defendant pleaded guilty to driving while ability impaired by drugs, as a misdemeanor, in violation of Vehicle and Traffic Law § 1192.4 (hereinafter DWAI), criminal possession of a controlled substance in the fifth degree, criminal possession of a controlled substance in the seventh degree, and criminal possession of marihuana in the fifth degree. An aggregate sentence of imprisonment of 2½ years was imposed upon these convictions. However, the court placed the defendant in the "shock incarceration program" (see Correction Law art 26-A; hereinafter Shock), and he served his sentence for the instant offenses in that program. The defendant was released from Shock, which included intensive alcohol and substance abuse treatment, after six months, and served a period of postrelease supervision (hereinafter PRS) of one year, during which time, it is undisputed, he continued his treatment and toxicology screening for a period of at least five months. It is also undisputed that, upon his release, the defendant graduated from college, relocated out of state to seek employment, and applied to graduate school.
The defendant thereafter moved pursuant to CPL 160.58 to seal all official records and papers relating to his arrest, prosecution, and conviction of criminal possession of a controlled substance in the fifth and seventh degrees, and criminal possession of marihuana in the fifth degree. The County Court denied the motion, based solely on its conclusion that the defendant was not eligible for conditional sealing under that statute by virtue of the fact that he had also been convicted of DWAI, which was not a qualifying offense under CPL 160.58. The defendant appeals.
Contrary to the County Court's conclusion, the defendant was eligible to have the [*2]record of his convictions of the drug related offenses conditionally sealed under CPL 160.58. CPL 160.58 was enacted as part of the Drug Law Reform Act (hereinafter DLRA) of 2009 (see L 2009, ch 56, pt AAA, § 3; People v Jihan QQ., 151 AD3d 1245). It provides that a defendant convicted of any offense defined in articles 220 or 221 of the Penal Law or a specified offense defined in CPL 410.91, "who has successfully completed a judicial diversion program under [CPL article 216], or one of the programs heretofore known as drug treatment alternative to prison or another judicially sanctioned drug treatment program of similar duration, requirements and level of supervision, and has completed the sentence imposed for the offense or offenses, is eligible to have such offense or offenses sealed pursuant to this section" (CPL 160.58[1]). The Court of Appeals has emphasized that the DLRA is remedial, and "should be read broadly unless the limitation proposed is clearly expressed'" (People v Brown, 25 NY3d 247, 251, quoting People v Sosa, 18 NY3d 436, 441; see People v Coleman, 24 NY3d 114, 122).
We conclude, first, that the County Court erroneously interpreted CPL 160.58 as prohibiting sealing in light of the DWAI conviction. CPL 160.58 does not contain a "clearly expressed" limitation on a court's authority to order sealing in cases in which a defendant pleads guilty to an accusatory instrument that contains an offense that does not qualify for sealing. Indeed, the fact that the statute refers to the sealing of an "offense" suggests that discrete offenses may be sealed even if an accusatory instrument to which a defendant pleaded guilty contained other offenses. Had the Legislature intended to limit the court's authority as the County Court found, it could easily have specified that sealing was confined to cases in which a defendant was charged only with offenses defined in articles 220 and 221 of the Penal Law or a specified offense defined in CPL 410.91. Particularly in light of the expansive approach taken by the Court of Appeals in interpreting the DLRA, the omission of a limitation on a court's authority to seal qualifying drug offenses when coupled in an accusatory instrument with nonqualifying offenses should be interpreted as intentional (see generally People v Jackson, 87 NY2d 782, 788; cf. People v Smith, 139 AD3d 131).
We further conclude that, contrary to the People's contention, by successfully completing court-ordered Shock incarceration and further treatment during his period of PRS, the defendant successfully completed a "judicially sanctioned drug treatment program of similar duration, requirements and level of supervision" as judicial diversion and drug treatment alternative to prison. As described in the relevant regulations: "Shock incarceration is an alternative form of correctional life stressing a highly structured and regimented daily routine which includes extensive discipline and counseling" (7 NYCRR 1800.6[a]). Originally, the selection of inmates for Shock lay solely in the discretion of the New York State Department of Corrections and Community Supervision (hereinafter DOCCS); courts and prosecutors had no authority to grant admission into the program (see Correction Law § 867; People ex rel. Dickerson v Unger, 62 AD3d 1262, 1263; People v Taylor, 284 AD2d 573). However, as part of the DLRA of 2009, a provision was added to Penal Law § 60.04 which allows courts imposing a sentence of imprisonment for a controlled substance or marihuana offense to issue an order directing that DOCCS enroll the defendant in Shock (see CPL 60.04[7][a]). The enactment of this provision essentially permits courts to direct that certain drug offenders be given the opportunity to serve a shortened but intensified sentence with a major focus on treatment and counseling.
It is undisputed that a major component of the defendant's participation in Shock was his completion of an intensive alcohol and substance abuse treatment program. Indeed, under the regulations, the daily inmate schedule at a Shock incarceration facility is to include group meetings and substance abuse counseling (see 7 NYCRR 1800.6[a]). Further, the Shock regulations require that each inmate be evaluated weekly by his or her "drug counselor," and these evaluations are reviewed monthly by "supervisors and department heads," who complete a "monthly review summary sheet" (7 NYCRR 1800.6[c][2], [3]). The inmate's final review must be at least satisfactory in order to successfully complete the program (see 7 NYCRR 1800.6[c][4]).
The People argue that the defendant was not eligible for sealing because Shock is not similar in duration to judicial diversion or drug treatment alternative to prison. This assertion overlooks both the intensity of Shock and the fact that the defendant thereafter served a period of PRS during which he engaged in counseling and toxicology screening. The People further contend [*3]that the level of supervision the defendant experienced was not comparable to judicial diversion or drug treatment alternative to prison because individuals participating in Shock do not make periodic court appearances. However, CPL 160.58 refers to drug treatment programs that are judicially "sanctioned," not judicially supervised. Here, the defendant was evaluated weekly and monthly while in the Shock facility, and supervised thereafter by the Division of Parole.
CPL 160.58 serves to assist drug offenders who have successfully completed court-sanctioned treatment with their re-entry efforts. Interpreting that provision broadly to effectuate its remedial purpose, we conclude that the defendant in this case, having completed court-ordered Shock incarceration and a period of PRS that included further treatment, demonstrated his eligibility for conditional sealing of his drug offenses. Indeed, it is reasonable to construe any ambiguity in the eligibility section of CPL 160.58 in favor of the applicant since a finding of eligibility is merely the first step in the process; the ultimate decision regarding whether to seal convictions is a matter of discretion vested in the reviewing judge (cf. People v Brown, 25 NY3d at 251; People v Sosa, 18 NY3d at 443).
Since we conclude that the defendant was eligible for conditional sealing under CPL 160.58, we reverse the order denying the defendant's motion on the ground that he was ineligible for that relief. In light of its finding of ineligibility, the County Court did not make the required discretionary finding in this case. Under the circumstances of this case, we deem it appropriate to remit the matter to the County Court, Nassau County, for a hearing "to consider and review any relevant evidence offered by either party that would aid the court in its decision whether to seal the records of the defendant's arrests, prosecutions and convictions" (CPL 160.58[3]), and a new determination of the defendant's motion thereafter.
The People's remaining contentions are either without merit or improperly raised for the first time on appeal.
MASTRO, J.P., ROMAN, SGROI and COHEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court