Matter of NYP Holdings, Inc. v New York City Dept. of Social Servs. (2025 NY Slip Op 02013)

Matter of NYP Holdings, Inc. v New York City Dept. of Social Servs.

2025 NY Slip Op 02013

Decided on April 03, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 03, 2025

Before: Webber, J.P., Kennedy, Mendez, Higgitt, O'Neill Levy, JJ. 

Index No. 158909/23|Appeal No. 4030|Case No. 2024-05456|

[*1]In the Matter of NYP Holdings, Inc., et al., Petitioners-Respondents,
v
New York City Department of Social Services et al., Respondents-Appellants.

Muriel Goode-Trufant, Corporation Counsel, New York (Jeremy W. Shweder of counsel), for appellants.
Davis Wright Tremaine LLP, New York (Jeremy Chase of counsel), for respondents.

Order and judgment (one paper), Supreme Court, New York County (John J. Kelley, J.), entered on or about July 25, 2024, which granted the petition to annul the determination of respondent New York City Department of Social Services (DSS), dated May 9, 2023, partially denying petitioners' request for records pursuant to the Freedom of Information Law (FOIL), and directed DSS to produce the requested records, including addresses of homeless shelters, unanimously reversed, on the law, without costs, the petition denied, and the proceeding brought pursuant to CPLR article 78 dismissed.
DSS's denial of the request for shelter addresses was not "affected by an error of law" (Matter of Oustatcher v Clark, 217 AD3d 478, 479 [1st Dept 2023] [internal quotation marks omitted], lv denied 40 NY3d 908 [2023]). FOIL permits an agency to deny a request for records that "are specifically exempted from disclosure by state or federal statute" (Public Officers Law § 87[2][a]). Social Services Law § 136(1) provides that "[t]he names or addresses of persons applying for or receiving public assistance and care shall not be included in any published report or printed in any newspaper" or disclosed in certain other contexts. The statute contains an exception for "a bona fide news disseminating firm or organization," which may be permitted to "inspect[]" relevant records, provided the organization "shall give assurances in writing that it will not publicly disclose, or participate or acquiesce in the public disclosure of, the names and addresses of applicants for and recipients of public assistance and care" (id.). Petitioners declined DSS's offer to produce the addresses subject to a confidentiality agreement.
The text of Social Services Law § 136(1) prohibiting disclosure of public benefit recipients' "names or addresses" plainly prohibits disclosure of addresses alone, even without corresponding names (id.). "Use of the conjunction 'or' in a statute usually indicates that the language is to be construed in an alternative sense" (McKinney's Cons. Laws of NY, Book 1, Statutes § 235, Comment). "[W]hen the statutory language is clear and unambiguous, it should be construed so as to give effect to the plain meaning of the words used" (People v Brown, 25 NY3d 247, 250 [2015] [internal quotation marks omitted]). Petitioners' suggestion that the Legislature erroneously used the word "or" instead of "and" is unsupported by the text of the statute and would require violating "the established canon of construction that [w]e are not at liberty to second-guess the legislature's determination, or to disregard—or rewrite—its statutory text" (Xiang Fu He v Troon Mgt., Inc., 34 NY3d 167, 172 [2019] [internal quotation marks omitted]).
A shelter constitutes the "address" of its occupants. "Address" means "[t]he place where mail or other communication is sent" (Black's Law Dictionary [12th ed 2024], address) or "a place where a person . . . may be communicated with" (Merriam-Webster [*2]Online Dictionary, address [https://www.merriam-webster.com/dictionary/address]; see e.g. People v Allen, 213 AD3d 73, 79-80 [1st Dept 2023] [address of homeless shelter sufficient for SORA registration requirements]; see also People v Colon, 46 AD3d 260, 262 [1st Dept 2007]). Shelter residents "have the right to receive and send mail" at their shelters, as well as "the right to receive visitors" there (18 NYCRR 491.12[c][6], [17]). There is nothing in the definition of "address" that would exclude temporary housing.
DSS's disclosure of shelter addresses in other contexts, whether erroneous or in furtherance of separate legal obligations, does not authorize the agency to violate the plain meaning of Social Services Law § 136 by disclosing the addresses in response to a FOIL request.
In light of our determination, we need not consider the remaining arguments.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 3, 2025