OPINION OF THE COURT
Jo Ann Ferdinand, J.
On August 7, 2009 a search warrant was executed at the defendant’s home and the People allege that the following items were seized: 189 vials containing 54,000 milligrams of ketamine, *564 two bags containing 3.6 ounces of a substance containing cocaine, drug packaging materials, and over $14,000 in small bills. The defendant was arrested and subsequently indicted for several drug-related felonies, the top charges being two counts of criminal possession of a controlled substance in the third degree (Penal Law § 220.39). He has no prior felony convictions and no other pending felonies.
This case was referred to the Brooklyn Treatment Court upon the defendant’s request for judicial diversion. Pursuant to CPL article 216, the court ordered an alcohol and substance abuse evaluation to determine whether the defendant has a history of alcohol or substance abuse or dependence and whether he should be offered judicial diversion for treatment. He was evaluated by Julia Zuniga, the diversion case manager, who is an addiction and substance abuse counselor credentialed by the Office of Alcoholism and Substance Abuse Services pursuant to Mental Hygiene Law § 19.07. The evaluation included a urinalysis and a series of questions regarding the defendant’s drug use, education, employment, medical condition, family relationship, and living arrangements. Based on her assessment, Ms. Zuniga concluded that the defendant does not have a history of alcohol or substance abuse or dependence as such terms are defined in the Diagnostic and Statistical Manual of Mental Disorders (4th ed). Upon receipt of the evaluation report, the defendant requested an opportunity to be heard on whether he should be offered alcohol or substance abuse treatment pursuant to CPL article 216.
On December 3, 2009 the People, the defendant, and his attorney all had an opportunity to be heard. Initially, the court was informed that the defendant’s urinalysis was negative for the presence of all illicit drugs and alcohol. According to the evaluation report, when questioned about his drug use, defendant reported a lengthy history of daily cocaine, alcohol, and marijuana use, but claimed that he stopped using marijuana in April and stopped using cocaine after this arrest in August because he did not want to lose his children. The Administration for Children’s Services referred him to an outpatient program in which he enrolled on November 9, 2009. On the date of his admission to that program, he tested negative for all illicit substances. Based on the negative drug tests and the defendant’s ability to stop using drugs without negative health problems and prior to entering treatment, Ms. Zuniga concluded that the defendant’s reported drug history was exaggerated.
*565 The defendant’s attorney disputed Ms. Zuniga’s conclusion and pointed to defendant’s attendance at the outpatient program and its diagnosis of alcohol and cocaine abuse. He explained that the large amount of money in the defendant’s apartment was his children’s savings of gifts from their grandmother.
The People objected to the defendant’s diversion into treatment, arguing that the underlying facts of his possession of a large quantity of drugs and drug packaging paraphernalia, along with the sum of cash, indicate that he is a drug dealer, not a drug addict.
In December 2004 the Drug Law Reform Act of 2004 (2004 DLRA) was enacted and significantly reformed the Rockefeller Drug Laws (L 2004, ch 738, §§ 1-41). “The legislators who supported the new statute identified those deserving of more lenient treatment as low-level, nonviolent drug offenders, first-time offenders who were misguided in their youth . . . [and] addicts driven to possession or selling drugs because of a drug habit” (People v LaFontaine, 9 Misc 3d 434, 438 [2005] [footnotes omitted]). In April 2009 the Legislature passed and Governor Paterson signed into law the Drug Law Reform Act of 2009, which expanded upon the 2004 DLRA and created CPL article 216, entitled “Judicial Diversion Program for Certain Felony Offenders” (L 2009, ch 56, part AAA).
Diversion into treatment is designed for those who not only have a history of alcohol or substance abuse or dependence, but whose abuse or dependence is a contributing factor to their criminal behavior (CPL art 216). In this case, crediting the defendant’s claim and previous diagnosis of alcohol and substance abuse, this court is not persuaded that such abuse is a contributing factor to his criminal behavior. It is well established that abuse and dependence represent different levels of the same disease: abuse being harmful use that has not progressed to the level of dependence. Here, the amount of drugs recovered from the defendant’s home, including a drug that he does not claim to use or abuse, the large amount of money in small bills, and the drug packaging paraphernalia indicate that he is a person engaged in the sale of drugs for profit rather than a low-level dealer selling drugs to support his own habit. Moreover, all signs of abuse or dependence are markedly absent. The defendant lives in a stable family situation; there have been no unsuccessful efforts to cut down or control his use; and no reports of persistent physical or psychological problems caused or exacerbated by the substance.
*566 Accordingly, having considered all of the arguments presented, pursuant to CPL 216.05 (3) (b), this court makes the following findings of fact: (i) the defendant is an eligible defendant as defined in CPL 216.00 (1); (ii) the defendant may have a history of alcohol or substance abuse; and (iii) any such alcohol or substance abuse is not a contributing factor to the defendant’s criminal behavior.
Based on the foregoing, the court finds that the defendant should not be offered diversion for treatment.