[908 NYS2d 844]

THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v EARL JORDAN, Defendant.

County Court, Westchester County, August 24, 2010

**APPEARANCES OF COUNSEL**

*Legal Aid Society*, White Plains, for defendant. *Janet DiFiore, District Attorney*, White Plains, for plaintiff.

**OPINION OF THE COURT**

Susan M. Capeci, J.

A hearing was held on July 20, 2010 on the defendant's request to enter the judicial diversion program, as codified in CPL article 216. The defendant has been charged in a 23-count indictment with 21 counts of criminal possession of a forged instrument in the first degree, one count of grand larceny in the third degree and one count of scheme to defraud in the first degree. Both the People and defense counsel have submitted post-hearing memoranda of law on the issue of the defendant's eligibility for judicial diversion.

The People argue that the defendant may not be considered an "eligible" defendant as that term is defined in CPL 216.00 (1), since only one of the counts contained in the 23-count indictment would render him eligible for judicial diversion. The People oppose the defendant's participation in judicial diversion, asserting that since he has been charged with numerous offenses in the indictment which are not listed in the judicial diversion statute, this renders him ineligible for the program.

The defendant contends that he is eligible for the judicial diversion program because he is charged with grand larceny in the third degree, which is an included offense under the statute. He argues that the statutory language of CPL 216.00 does not exclude his participation simply because he is also charged with offenses which fall outside the statute. None of the other offenses he is charged with in the indictment are specifically listed in CPL 216.00 as offenses which would exclude him from the program.

The codification of the judicial diversion program is set forth in Criminal Procedure Law § 216.00, which provides that an "eligible defendant" is

> "any person who stands charged in an indictment or a superior court information with a class B, C, D or E felony offense defined in article two hundred twenty or two hundred twenty-one of the penal law or any other specified offense as defined in subdivision four of section 410.91" (CPL 216.00 [1]).*

CPL 410.91 (5) includes a number of nondrug crimes often related to drug abuse. One of the 23 counts the defendant is

---

* Subdivision (4) of CPL 410.91 was repealed in 2009, and was replaced with the new subdivision (5), which lists the judicial diversion-eligible offenses.

charged with is grand larceny in the third degree, which is specified in CPL 410.91 (5) as an offense that would be included in the statute as rendering a person eligible for the judicial diversion program.

There are also specific exceptions to being an "eligible defendant" listed in the statute under CPL 216.00 (1) (a) and (b). These include any defendant convicted of a violent felony offense as defined in Penal Law § 70.02, any other offense for which a merit time allowance is not available pursuant to Correction Law § 803 (1) (d) (ii), or a class A drug felony (as defined in Penal Law article 220) within the preceding 10 years (excluding any time the defendant was incarcerated between the time of the commission of the previous felony and the present felony). Also listed as an exception is any defendant who has previously been adjudicated a second violent felony offender (pursuant to Penal Law § 70.04) or a persistent violent offender (pursuant to Penal Law § 70.08). None of these exceptions are applicable in this case.

This court's review of the plain language of CPL 216.00 compels the conclusion that the defendant is not rendered ineligible for the judicial diversion program by reason of the inclusion of nonqualifying offenses in the indictment. The statute sets forth specific circumstances which would render a person ineligible, yet does not state that diversion is limited to those defendants charged *exclusively* with the qualifying offenses, or that the inclusion of nonqualifying offenses in the indictment would render a person ineligible.

It is an axiom of statutory construction that the legislative intent is to be ascertained from the language used, and that where the words of a statute are clear and unambiguous, they should be literally construed (*People v Munoz*, 207 AD2d 418 [2d Dept 1994], citing McKinney's Cons Laws of NY, Book 1, Statutes §§ 76, 94). Had the legislature intended to exclude defendants from eligibility for judicial diversion because of the inclusion of nonqualifying offenses in the indictment, it could have provided for that in the statute, but did not.

Given that the underlying purpose of the statute, as stated in both the Senate and Assembly memoranda in support of the legislation, is "[t]o significantly reduce drug-related crime by addressing substance abuse that often lies at the core of criminal behavior," and to "accomplish this goal by returning discretion to judges to tailor the penalties of the penal law to the facts and circumstances of each drug offense and authorizing the

court to sentence certain non-violent drug offenders to probation and drug treatment rather than mandatory prison where appropriate," a more expansive interpretation of the statute favors the underlying legislative purpose (*see* Sponsor's Mem, Bill Jacket, L 2009, ch 56). In enacting the statute creating the judicial diversion program, the legislature recognized that "the policy of incarceration and punishment of non-violent drug users had failed" and that "[e]xpanding the number of nonviolent drug offenders that can be court ordered to drug abuse treatment will help break the cycle of drug use and crime and make our streets, homes and communities safer" (*id.*). Thus, a defendant who would otherwise be eligible for the judicial diversion program and whose substance abuse is the driving force behind his or her criminal behavior should not be automatically excluded from consideration simply because he or she is also charged with nonqualifying offenses.

To read the statute to exclude individuals on the basis that they are also charged with nonqualifying offenses would allow the People to undermine the purpose of the statute by including a nonqualifying offense in the indictment, and thereby rendering the defendant ineligible (*see People v Kithcart*, County Ct, Onondaga County, Jan. 19, 2010, Merrill, J., index No. 09-0347 [holding that inclusion of nonqualifying offenses in the indictment did not render defendant ineligible for judicial diversion]). While some lower courts have read the statute narrowly to exclude participation of those otherwise eligible defendants also charged with nonqualifying offenses, such a narrow interpretation of the statute is not consistent with the underlying statutory purpose and the legislative reasoning behind the enactment of the judicial diversion program.

In arguing against the eligibility of defendants who also are charged with nonqualifying offenses, the People also contend that

> "mandatory state prison terms are mandated for some first and second felony offenders by Penal Law article 70[ ]. A defendant who is indicted for a specified offense and a non-specified offense that requires a mandatory prison term could not be diverted without the court violating these other express provisions of law."

However, this reasoning is fundamentally flawed, because if a defendant was accepted into the judicial diversion program, he or she would then be sentenced in accordance with its provi-

sions, which, according to the statute, apply "notwithstanding the provision of any other law" (*see* CPL 216.05 [10]). Thus, the "mandatory" sentences of Penal Law article 70 would not apply to a defendant accepted into the program, since CPL 216.05 would then govern his or her sentencing.

There are other factors of concern here as well. The People have consistently argued in this court for the inclusion of defendants in the judicial diversion program who also stand charged with nonqualifying misdemeanor offenses. If this court were to read the statute as excluding all defendants charged with additional offenses which fall outside the statutory list, those defendants charged with nonqualifying misdemeanor offenses would also have to be excluded. In fact, this was the rationale of one lower court, cited by the People, which deemed a defendant ineligible (*see People v Jaen*, Sup Ct, NY County, Mar. 10, 2010, Coin, J., index No. 5704-08 [holding that an otherwise eligible defendant also charged with nonqualifying misdemeanor offenses is ineligible for diversion]).

The People also contend that finding a defendant who is charged with numerous offenses, only one of which is judicial diversion-eligible, to be an "eligible defendant" would open up the program to a wider range of offenders than contemplated by the statute. However, this argument ignores that a determination of whether a defendant is "eligible" for the judicial diversion program under the statute is only a threshold inquiry as to whether he or she will ultimately be accepted into the program.

It must not be overlooked that the final determination of acceptance into judicial diversion is left to the court's discretion after having received a completed alcohol and substance abuse evaluation report, and having considered any relevant evidence in accordance with CPL 216.05 (3) (a). To accept an eligible defendant into the diversion program, the court must make a finding that the defendant has a history of alcohol or substance abuse dependence and that such alcohol or substance abuse dependence is a contributing factor to the defendant's criminal behavior. Indeed, courts have declined to place defendants who were otherwise legally "eligible" under the statute into the program based, for example, upon a lack of sufficient substance abuse history, or where such abuse or dependence is not deemed a contributing factor to the defendant's criminal behavior (*see People v Hughes*, 27 Misc 3d 1235[A], 2010 NY Slip Op 51036[U] [Sup Ct, Kings County 2010]; *People v Jordan*, 28 Misc 3d 708 [Sup Ct, Bronx County 2010]).

Thus, based upon the plain language of the statute as well as the underlying statutory purpose, this court finds that the defendant is an "eligible defendant" as that term is defined in CPL 216.00 (1), since he stands charged with grand larceny in the third degree, specified in CPL 410.91 (5) as a diversion-eligible offense.

Having now determined that the defendant is an "eligible defendant" under CPL 216.00 (1), having received a completed alcohol and substance abuse evaluation report, having held a hearing on the issue of whether the eligible defendant should be offered alcohol or substance abuse treatment, and having considered any relevant evidence in accordance with CPL 216.05 (3) (a), this court now makes the following findings of fact: (1) the defendant is an eligible defendant as defined in CPL 216.00 (1); (2) the defendant has a history of alcohol or substance abuse dependence; (3) such alcohol or substance abuse dependence is a contributing factor to the defendant's criminal behavior; (4) the defendant's participation in judicial diversion could effectively address such abuse or dependence; and (5) institutional confinement of the defendant is not or may not be necessary for the protection of the public.

Based upon the above findings of fact, this court determines that the above-named defendant should be offered alcohol or substance abuse treatment and may be allowed to participate in the judicial diversion program as set forth in CPL 216.05. Such participation in the judicial diversion program is subject to the defendant's plea of guilty to the charge or charges, unless specifically exempted from this requirement, and further compliance with the orders of this court, including but not limited to the provisions of the judicial diversion contract.