[1 NYS3d 883]

THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v GLENN DAWSON, Defendant.

Supreme Court, Kings County, January 22, 2015

## APPEARANCES OF COUNSEL

*Kenneth P. Thompson, District Attorney* (*Jonathan Laskin* of counsel), for plaintiff.

*Brooklyn Defender Services*, Brooklyn (*Angad Singh* of counsel), for defendant.

## OPINION OF THE COURT

Jo Ann Ferdinand, J.

On March 24, 2014, the defendant was arrested based upon allegations that he broke into a stolen van belonging to a plumbing company and removed tools. For these actions, Kings County indictment No. 2423-2014 charges the defendant with the following felonies: burglary in the third degree, criminal possession of stolen property in the third and fourth degrees, grand larceny in the third and fourth degrees, and criminal mischief in the third degree. The remaining counts are misdemeanors, including one charge of criminal possession of a controlled substance in the seventh degree for a quantity of heroin allegedly found in the defendant's possession at the time of his arrest.

On June 10, 2014, the defendant was again arrested, this time based upon allegations that on January 11 and January 16, 2014, he used another's identity to sell stolen vehicles. For these actions, Kings County indictment No. 4678-2014 charges the defendant with the following felonies: identity theft in the first degree, criminal possession of stolen property in the third and fourth degrees (two counts each), criminal possession of a forged instrument in the second degree, and offering a false instrument for filing in the first degree.

On December 11, 2014, the case was referred to the Brooklyn Treatment Court upon the defendant's request for judicial diversion pursuant to Criminal Procedure Law article 216. It is undisputed that he is an eligible defendant for judicial diversion under indictment No. 2423-2014 because he has no disqualifying conditions* and all of the felonies charged in that indictment are specified in CPL 216.00 (1). However, the People contend that the defendant is not eligible for judicial diversion

---

* Disqualifying conditions are: (1) a conviction within the past 10 years for a class A or violent felony; (2) a prior second violent felony or persistent felony offender adjudication; or (3) a pending violent felony charge.

because, in addition to felonies listed in CPL 216.00 (1), indictment No. 4678-2014 charges him with identity theft in the first degree (a class D felony) and offering a false instrument for filing in the first degree (a class E felony), which are not specified as eligible offenses and neither embrace nor integrally relate to the specified charges.

It is well settled that a defendant may be eligible for judicial diversion despite the presence of nonviolent, non-specified crimes on the indictment (*see People v Iverson*, 32 Misc 3d 1246[A], 2011 NY Slip Op 51712[U] [Sup Ct, Kings County 2011] [conspiracy in the fourth degree]; *see also People v Weissman*, 38 Misc 3d 1230[A], 2013 NY Slip Op 50339[U] [Sup Ct, NY County 2013] [conspiracy in the fourth degree]; *People v Jordan*, 29 Misc 3d 619 [Westchester County Ct 2010] [criminal possession of a forged instrument in the first degree and scheme to defraud in the first degree]). This court has previously held that, in order to be eligible for judicial diversion, the non-specified crimes with which a defendant is charged must embrace and integrally relate to the specified crimes (*People v Iverson*). The People now contend that this *Iverson* analysis must be conducted based on the statutory language of the non-specified crimes rather than their underlying facts.

"The People's position is that this Court is precluded from preliminarily considering case specific allegations, and that this initial tier of analysis must be focused solely on the statutory definitions of the relevant charges" (People's letter in opposition at 1). In other words, the statutory language of the non-specified offenses must embrace and integrally relate to the statutory language of the specified offenses. In such an analysis, a finding of eligibility would have a stare decisis effect on other cases with the same charges. This court disagrees with the People's position.

"Given that the underlying purpose of the statute, as stated in both the Senate and Assembly memoranda in support of the legislation, is '[t]o significantly reduce drug-related crime by addressing substance abuse that often lies at the core of criminal behavior' . . . (*see* Sponsor's Mem, Bill Jacket, L 2009, ch 56)" (*People v Jordan*, 29 Misc 3d 619, 621-622 [2010]), judicial diversion is only available to those whose criminal activity is the result of substance abuse or dependence. "The objective is to have [non-violent substance abusing] defendants . . . successfully complete treatment[,] . . . *thereby remov[ing] the need for these individuals to commit crimes in order to make*

*money . . . to buy drugs*" (*People v Denton*, 30 Misc 3d 1232[A], 2011 NY Slip Op 50307[U], * 2 [Sup Ct, Bronx County 2011] [emphasis added]; *see also People v Jordan*, 28 Misc 3d 708 [Sup Ct, Bronx County 2010]; *People v Hughes*, 27 Misc 3d 1235[A], 2010 NY Slip Op 51036[U] [Sup Ct, Kings County 2010]; *People v Coco*, 28 Misc 3d 563 [Sup Ct, Kings County 2009]). It is axiomatic that substance abusers need money to support their addictions. For that reason the legislature included among the eligible offenses specified in CPL 216.00 (1) the most common nonviolent class D and E felonies committed by substance abusers to obtain money. Those nonviolent felonies not specified, while less commonly committed for this purpose, may still share the objective of making money to buy drugs.

Contrary to the People's contention, judges have the authority to determine on a case-by-case basis whether the underlying facts of nonviolent class D and/or E felonies embrace and integrally relate to the underlying facts of specified charges. If so, then that defendant will be deemed eligible for judicial diversion and an evaluation may be ordered. However, given that such a finding is based upon the particular facts of a case, it does not turn a non-specified charge into an eligible one for other cases. Nor does a finding of ineligibility under the *Iverson* standard bar a finding of eligibility in another case. While there are certain non-specified charges that by definition will generally embrace and integrally relate to specified charges (i.e., attempts to commit, conspiracies to commit, and lesser-included offenses), other charges may embrace and integrally relate to specified charges depending upon the underlying facts. Such is the case here.

In this case, indictment No. 4678-2014 alleges that on two occasions the defendant came into possession of a stolen vehicle and sold each of the vehicles for $300. In order to accomplish the sale of these vehicles, it is alleged that the defendant used the stolen driver's license of another and presented a falsified DMV form to the purchaser. The eligible charges encompass the possession of the stolen vehicles and the falsified DMV form, and the non-specified charges encompass the assumption of another's identity and presentation of the DMV form in order to accomplish the sale of the stolen vehicles. Clearly if the defendant is a substance abuser in need of money to purchase drugs, he would not just need to possess the stolen property, he would need to sell it. The commission of the non-specified

charges was the only means by which the stolen property could be sold. Therefore, this court finds that the non-specified crimes with which the defendant is charged embrace and integrally relate to the specified crimes and, therefore, do not disqualify him from participating in judicial diversion.

Once a defendant is determined to be eligible, the court must determine whether to grant his request for an alcohol and substance abuse evaluation (CPL 216.05 [1]). The People argue that the court should not order an evaluation in this case because "institutional confinement of the defendant is or may not be necessary for the protection of the public" (CPL 216.05 [3] [b] [v]). In support, the People refer to the defendant's "extensive record for breaking into motor vehicles and either damaging them or taking their contents," his prior 2005 conviction for aggravated unlicensed operation of a motor vehicle in the first degree, and the current charges under indictment No. 4678-2014. While the People validly claim that breaking into and damaging vehicles may "deprive [victims] of their possessions," driving with a suspended license may compromise "the safety of pedestrians and properly licensed motorists," and stealing someone's identity to sell stolen vehicles may place the victim "at risk of being wrongly investigated," this court is not persuaded that institutional confinement of the defendant is necessary if in fact he has committed these crimes to support a drug addiction.

In determining whether to order an evaluation, the People also ask the court to consider that the defendant testified under oath in the grand jury, denying the charges in indictment No. 4678-2014. While recognizing that the defendant has "a statutory right to appear as a witness in his own behalf in front of the Grand Jury," the People argue that he could face a perjury charge upon his allocution to the plea of guilty required to participate in judicial diversion. A decision as to whether to charge a defendant with perjury upon his plea of guilty is left to the discretion of the prosecutor. Clearly this is a factor for the defendant to discuss with his attorney prior to the entry of such a plea. However, it does not affect this court's determination as to the defendant's appropriateness for judicial diversion.

Accordingly, having considered all of the arguments presented, this court finds that the defendant is an eligible defendant as defined in CPL 216.00 (1) despite the presence of neutral charges on the indictment. Given his claims that he is a substance abuser who committed these crimes to support his

addiction, an evaluation is ordered to determine if he is an appropriate candidate for judicial diversion.