[30 NYS3d 19]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WAUN SMITH, Appellant.

First Department, April 5, 2016

**APPEARANCES OF COUNSEL**

*Richard M. Greenberg, Office of the Appellate Defender*, New York City (*Thomas M. Nosewicz* of counsel), for appellant.

*Cyrus R. Vance, Jr., District Attorney*, New York City (*Ross D. Mazer* and *Christopher P. Marinelli* of counsel), for respondent.

## OPINION OF THE COURT

Sweeny, J.

The issue before us on this appeal is whether a defendant is eligible for judicial diversion when charged with both statutorily qualifying offenses as well as other offenses, including misdemeanors, which are not defined as qualifying or disqualifying offenses. We hold that a defendant so charged is not automatically disqualified from applying for judicial diversion.

Defendant was charged in a nine-count indictment with identity theft in the first degree (Penal Law § 190.80 [3]), forgery in the second degree (Penal Law § 170.10 [1]), four counts of grand larceny in the fourth degree (Penal Law § 155.30 [4]), criminal possession of stolen property in the fourth degree (Penal Law § 165.45 [2]), identity theft in the third degree (Penal Law § 190.78 [1]), and criminal trespass in the third degree (Penal Law § 140.10 [a]). Shortly after his arraignment, he filed a motion pursuant to CPL 216.05 (1) requesting that he be considered for judicial diversion. The People opposed, contending that judicial diversion was only available to defendants whose indictments consisted entirely of qualifying offenses as specified in CPL 216.00. Since defendant was charged with three crimes that are not specifically listed as qualifying or disqualifying offenses (first-degree identity

theft [a class D felony], third-degree identity theft [a class A misdemeanor] and third-degree criminal trespass [a class B misdemeanor]), the People argued that therefore defendant was not eligible. The motion court agreed, concluding that it could not "expand the list of eligible defendants, even if it believed the list [was] too restrictive." Thereafter, defendant entered a plea of guilty to forgery in the second degree in full satisfaction of the indictment and was sentenced, as a predicate felony offender, to a term of imprisonment of 2½ to 5 years. We now reverse and remand for further proceedings.

The Drug Law Reform Act (DLRA) of 2004 is a remedial statute, allowing low-level, nonviolent drug offenders who meet various basic eligibility requirements and who were originally sentenced under legislation that often mandated " 'inordinately harsh punishment' " to apply for resentencing (see *People v Paulin*, 17 NY3d 238, 244 [2011], quoting Assembly Sponsor's Mem, Bill Jacket, L 2004, ch 738 at 6). The legislature amended the DLRA in 2009, enacting CPL 216.00 and 216.05 to create a mechanism for judicial diversion. Under this program, eligible felony offenders whose drug or alcohol abuse contributed to their criminal conduct may, at the discretion of the court, be afforded the opportunity to avoid a felony conviction and a prison sentence by successfully participating in a judicially supervised substance abuse program. Unlike prior drug offense programs, judicial diversion does not require the prosecutor's consent (see *People v DeYoung*, 95 AD3d 71, 73 [2d Dept 2012]; L 2009, ch 56, § 1, part AAA, § 4).

This legislative scheme envisions a two-step process. As a threshold matter, the court must determine whether the defendant is an "eligible defendant." Once a defendant is determined to be such, he or she must undergo a substance abuse evaluation as more fully discussed below.

Eligibility for diversion is not automatic. CPL 216.00 (1) defines an " '[e]ligible defendant' [as one charged] with a class B, C, D or E felony [drug] offense . . . or any other specified offense as defined in subdivision four of section 410.91[1] of this chapter." Those offenses are: burglary in the third degree; second- and third-degree criminal mischief; third- and fourth-degree grand larceny; second-degree unauthorized use of a

---

1. There is a typographical error in the statute as passed since CPL 410.91 (5) sets forth the "specified offenses" for which a defendant is eligible for consideration for judicial diversion. CPL 410.91 (4) was repealed by this legislation.

vehicle; third- and fourth-degree criminal possession of stolen property; second-degree forgery; second-degree criminal possession of a forged instrument; first-degree unlawfully using slugs; first-degree criminal diversion of medical marijuana; and any attempt to commit those crimes, as well as certain other crimes. These are the statutorily specified qualifying offenses.

Despite being charged with any of these qualifying crimes, a defendant may be automatically disqualified for eligibility for judicial diversion if, within the last 10 years, excluding time during which he was incarcerated, defendant was convicted of: (i) a violent felony offense under Penal Law § 70.02; (ii) any other offense that precludes merit time under Correction Law § 803 (1) (d) (ii);[2] or (iii) a class A felony drug offense under Penal Law article 220 (CPL 216.00 [1] [a]). Also excluded from eligibility is a defendant who has previously been adjudicated a second violent felony offender under Penal Law § 70.04 or a persistent violent felony offender under Penal Law § 70.08 (CPL 216.00 [1] [b]). These are the statutorily specified disqualifying offenses. Yet even a defendant who is initially ineligible for diversion under these sections may become eligible "upon the prosecutor's consent" (CPL 216.00 [1]).

As noted, once a defendant is found eligible, he or she must undergo a substance abuse evaluation, after which either party may request a hearing. The court is then required to make findings as to the appropriateness of judicial diversion, taking into account defendant's history of substance abuse that contributed to his or her criminal behavior, whether judicial diversion could effectively address the substance abuse issues, and whether incarceration is necessary to protect the public (CPL 216.05 [3] [b]). Only after these findings are made may a court exercise its discretion and either permit a defendant to enter diversion or deny his or her application (CPL 216.05 [4], [10]).

The statute is silent as to whether the inclusion in an indictment of nonviolent, nonspecified crimes along with specified qualifying crimes precludes eligibility. We must, therefore, determine the legislative intent of the statute to resolve this issue.

"[T]he governing rule of statutory construction is that courts are obliged to interpret a statute to effectuate the intent of the

---

**2.** Such offenses include non-drug A-I felonies, second-degree manslaughter, first- and second-degree vehicular manslaughter, criminally negligent homicide, and certain sex offenses (*see* Correction Law § 803 [1] [d] [ii]).

Legislature, and when the statutory language is clear and unambiguous, it should be construed so as to give effect to the plain meaning of the words used" (*People v Williams*, 19 NY3d 100, 103 [2012], quoting *People v Finnegan*, 85 NY2d 53, 58 [1995]). "As the clearest indicator of legislative intent is the statutory text, the starting point in any case of interpretation must always be the language itself, giving effect to the plain meaning thereof" (*Majewski v Broadalbin-Perth Cent. School Dist.*, 91 NY2d 577, 583 [1998]). "If the wording of the statute has caused an unintended consequence, it is up to the legislature to correct it" (*People v Golo*, 26 NY3d 358, 362 [2015]). However, "remedial statutes such as the DLRA should be interpreted broadly to accomplish their goals—in this case the reform of unduly harsh sentencing imposed under pre-2005 law" (*People v Brown*, 25 NY3d 247, 251 [2015]; *see* McKinney's Cons Law of NY, Book 1, Statutes § 321).

Although the Court of Appeals has not addressed this specific issue, it has taken an expansive approach in interpreting the DLRA. In *People v Sosa* (81 AD3d 464, 464 [1st Dept 2011], *affd* 18 NY3d 436 [2012]), we were called upon to determine when the 10-year look back provision of CPL 440.46 (5) (a) begins to run. We held that the look-back period runs from the date of the application for resentence, "since no other time period is set forth" in the statute (81 AD3d at 465). We found that "where the Legislature has intended for a period to run from the date of commission of an offense back to the date of sentence of an earlier crime, it has expressly said so, or incorporated such look-back provisions by reference" (*id.*). We applied the statutory interpretation maxim "expressio unius est exclusio alterius" (expression of the one is exclusion of the other) in arriving at our determination (*id.*). In affirming, the Court of Appeals approved this reasoning and found it to be "plainly consistent with the legislation's necessarily broad remedial objectives in addressing the sequelae of the prior sentencing regimen and should not be effectively nullified as a matter of statutory interpretation" (18 NY3d at 442-443; *see also People v Brown*, 25 NY3d at 251).

The plain language of the statute itself undermines the People's position. It sets forth a list of disqualifying offenses/conditions that prevent a defendant from qualifying for judicial diversion, although as noted, even some of those offenses may not prevent disqualification with the People's consent. In applying the principle "expressio unius est exclusio alterius," "an

irrefutable inference must be drawn that what is omitted or not included was intended to be omitted or excluded" (*People v Jackson*, 87 NY2d 782, 788 [1996]). The inescapable conclusion is that the legislature's decision not to list certain offenses as disqualifying means their mere inclusion in an indictment will not prevent an otherwise eligible defendant from making an application for judicial diversion.

Our decision comports with the legislative intent of the statute. By removing prosecutorial consent to admission to a drug treatment program, the judicial diversion program's intent is to return the decision-making authority as to whether a defendant is eligible for diversion to the judiciary. Indeed,

> "[t]he uniqueness of the program is illustrated by the fact that a special provision was added to the Judiciary Law to encourage assignment of cases eligible for this procedure to particular parts of the court staffed by jurists who by virtue of caseload and training are in the best position to provide effective supervision of offenders who qualify for diversion from the normal conviction and sentencing of criminal offenders (see Judiciary Law § 212 [2 (r)])" (Peter Preiser, 2009 Supp Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 216.00, 2016 Cum Pocket Part at 93).

While there is no question that prosecutors have "broad discretion to decide what crimes to charge" (*People v Urbaez*, 10 NY3d 773, 775 [2008]), "[t]o read the statute to exclude individuals on the basis that they are also charged with nonqualifying offenses would allow the People to undermine the purpose of the statute by including a nonqualifying offense in the indictment, and thereby rendering the defendant ineligible" (*People v Jordan*, 29 Misc 3d 619, 622 [Westchester County Ct 2010]), in effect, taking that decision away from the judiciary in contravention of the statute's clearly stated intent.

That is not to say that prosecutors have no input into the ultimate decision-making process. It must be remembered that "a finding of eligibility is simply the first step in the resentencing process—the ultimate decision lies in the exercise of discretion of the reviewing judge" (*People v Brown*, 25 NY3d at 251). As noted, after a defendant is evaluated *either* the People or defendant may request a hearing and present any evidence either in favor of, or against, diversion. But, as the legislature intended, the ultimate decision to either grant or deny an ap-

plication for diversion is made by the justice presiding over that particular case.

The trial courts that have considered this issue have reached conflicting conclusions.[3] Our decision today should provide some clarity.

Accordingly, the judgment of the Supreme Court, New York County (Renee A. White, J.), rendered January 28, 2014, as amended February 26, 2014, convicting defendant, upon his plea of guilty, of forgery in the second degree, and sentencing him, as a second felony offender, to a term of 2½ to 5 years, should be reversed, on the law, and the case remitted to Supreme Court, New York County for further proceedings in accordance with the opinion herein.

RENWICK, MANZANET-DANIELS and KAPNICK, JJ., concur.

Judgment, Supreme Court, New York County, rendered January 28, 2014, as amended February 26, 2014, reversed, on the law, and the case remitted to Supreme Court, New York County, for further proceedings in accordance with the opinion herein.

---

3. The vast majority of those cases have found these offenses to be not disqualifying for purposes of determining a defendant's eligibility for diversion (see e.g. People v Dawson, 47 Misc 3d 425, 427 [Sup Ct, Kings County 2015]; People v Walker, 42 Misc 3d 1230[A], 2014 NY Slip Op 50282[U] [Sup Ct, Kings County 2014]; People v Weissman, 38 Misc 3d 1230[A], 2013 NY Slip Op 50339[U] [Sup Ct, NY County 2013]; People v Jordan, 29 Misc 3d 619 [Westchester County Ct 2010]). Other courts have found otherwise (see e.g. People v Iverson, 32 Misc 3d 1246[A], 2011 NY Slip Op 51712[U] [Sup Ct, Kings County 2011]; People v Jaen, Sup Ct, NY County, Mar. 19, 2010, Cain, J., indictment No. 5704/08).