People v Young (2020 NY Slip Op 03275)





People v Young


2020 NY Slip Op 03275


Decided on June 11, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 11, 2020

Richter, J.P., Manzanet-Daniels, Kapnick, Kern, Oing, JJ.


4128/16 11631A 97/17 1631/17 11631

[*1] The People of the State of New York, Respondent,
v
Shakur Young, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Jody Ratner of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Alice Wiseman of counsel), for respondent.



Judgments, Supreme Court, New York County (Patricia M. Nuñez, J. at diversion hearing; Gregory Carro, J. at plea and sentencing), rendered September 20, 2017, as amended October 13, 2017 and February 21, 2018, convicting defendant, upon his pleas of guilty under three indictments, of burglary in the third degree (seven counts) and bail jumping in the second degree, and sentencing him, as a second felony offender, to an aggregate term of 3½ to 7 years, unanimously affirmed.
Defendant was eligible for judicial diversion based on two indictments that charged him with burglary in the third degree, a qualifying offense (see CPL 216.00[1], 410.91[5]; Penal Law § 140.20). A third indictment, which charged him solely with bail jumping in the second degree, did not render him ineligible, because that crime is neither a qualifying nor disqualifying offense (see CPL 216.00[1]; Penal Law § 215.56). The inclusion of a nonqualifying offense in an indictment "will not prevent an otherwise eligible defendant from making an application for judicial diversion" (People v Smith, 139 AD3d 131, 136 [1st Dept 2016], lv denied 28 NY3d 1031 [2016]). For the reasons set forth in Smith (id. at 134-137), we conclude that a separate indictment that charges only a nonqualifying offense, but was part of the same disposition as one or more other indictments that contain qualifying offenses, does not render an otherwise eligible defendant ineligible for judicial diversion. Thus, the court should not have deemed defendant statutorily ineligible.Regardless of defendant's eligibility, the record supports the court's alternative holding, in which it denied judicial diversion. The court providently exercised its discretion in determining, without first ordering an alcohol and substance abuse evaluation report, that judicial diversion was not warranted (CPL 216.05[1]). "Such an evaluation is permissive" (People v O'Keefe, 112 AD3d 524, 524 [1st Dept 2013], lv denied 23 NY3d 1023 [2014]; see also People v Carper, 124 AD3d 1319 [4th Dept 2015], lv denied 25 NY3d 949 [2015]; Matter of Carty v Hall, 92 AD3d 1191, 1192 [3d Dept 2012]). The court concluded that defendant's criminal record, which included numerous felonies, rendered him an unsuitable [*2]candidate for diversion, regardless of what an evaluation might reveal, and there is no basis to disturb that determination (see O'Keefe, 112 AD3d at 525).
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 11, 2020
CLERK