People v Brown (2022 NY Slip Op 02916)

People v Brown

2022 NY Slip Op 02916

Decided on April 29, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 29, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., NEMOYER, CURRAN, WINSLOW, AND BANNISTER, JJ.

326 KA 19-02364

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
RYAN BROWN, DEFENDANT-APPELLANT. (APPEAL NO. 1.) 

KEEM APPEALS, PLLC, SYRACUSE (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (KAITLYN M. GUPTILL OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Onondaga County Court (Stephen J. Dougherty, J.), rendered April 30, 2019. The judgment convicted defendant, upon his plea of guilty, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the fourth degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]) and criminal possession of a controlled substance in the fourth degree (§ 220.09 [1]). We affirm.
Defendant's challenges to the voluntariness of his guilty plea are unpreserved (see People v Rodriguez, 199 AD3d 1458, 1458-1459 [4th Dept 2021], lv denied 37 NY3d 1164 [2022]) and, in any event, are without merit (see People v Alexander, 19 NY3d 203, 219 [2012]; People v Adams, 201 AD3d 1311, 1313 [4th Dept 2022]; People v Rathburn, 178 AD3d 1421, 1422 [4th Dept 2019], lv denied 35 NY3d 944 [2020]). Moreover, although defendant correctly contends that he did not validly waive his right to appeal (see People v Thomas, 34 NY3d 545, 562-563 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]), we nevertheless conclude that his sentence is not unduly harsh or severe. Additionally, defendant's specific request for a sentence of parole supervision to be served, in part, at the Willard Drug Treatment Campus is now moot given the recent closure of that facility. To the extent that defendant sought a sentence of parole supervision to be served in part at a different facility, his contemporaneous conviction for hindering prosecution in the first degree (see People v Brown [appeal No. 2], — AD3d &mdash, — [Apr. 29, 2022] [4th Dept 2022]) made him ineligible for such a sentence on the instant crimes (see CPL 410.91 [2]). We note that People v Young (184 AD3d 443, 443-444 [1st Dept 2020], lv denied 35 NY3d 1071 [2020]) involved a defendant's eligibility for judicial diversion under CPL article 216 and has no bearing on a defendant's eligibility for a sentence of parole supervision under CPL 410.91.
Entered: April 29, 2022
Ann Dillon Flynn
Clerk of the Court