People v Ratliff (2023 NY Slip Op 03418)

People v Ratliff

2023 NY Slip Op 03418

Decided on June 22, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 22, 2023

Before: Renwick, P.J., Kennedy, Scarpulla, Shulman, Higgitt, JJ. 

Ind No. 1537/16 Appeal No. 518 Case No. 2018-2058 

[*1]The People of the State of New York, Respondent,
v
Melinda Ratliff, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Abigail Everett of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Grace Vee of counsel), for respondent.

Judgment, Supreme Court, New York County (Thomas Farber, J. at diversion request; Anthony J. Ferrara, J. at jury trial and sentencing), rendered September 8, 2017, convicting defendant of grand larceny in the third and fourth degrees, and falsifying business records in the first degree, and sentencing her, as a second felony offender, to an aggregate term of 3½ to 7 years, unanimously affirmed.
The court providently exercised its discretion in summarily denying defendant's request for a judicial diversion evaluation (see People v Young, 184 AD3d 443, 444 [1st Dept 2020], lv denied 35 NY3d 1071 [2020]). The procedures contained in CPL article 216 are designed for the "purpose of determining whether the defendant should be offered judicial diversion for treatment for substance use, alcohol use and any co-occurring mental disorder or mental illness." (CPL 216.05 [1]). In light of counsel's concession that defendant no longer had a drug problem, it was unnecessary to conduct an evaluation to determine whether her "participation in judicial diversion could effectively address" any "[substance] use" (CPL 216.05[3][b][iv]). Contrary to defendant's argument, the court did not rule that there was a time limit for diversion applications, but was essentially making the observation that defendant's alleged drug problem had abated during the pendency of the case. In addition, notwithstanding counsel's vague reference to a drug problem around the time of the offenses, counsel failed to make a prima facie showing that substance use contributed to defendant's criminal behavior (CPL 216.05[3][b][iii]).
During defendant's trial testimony, the court asked defendant about her paycheck and salary, which was relevant to the allegation that she approved an excessive paycheck for herself while employed as an office manager at a medical office. The court providently exercised its discretion by asking "a few clarifying questions," which kept to the reasonable confines of the issues (see People v Gonzalez, 110 AD3d 515, 516 [1st Dept 2013], lv denied 23 NY3d 1020 [2014]). We do not find that these questions displayed any bias by the court against defendant or deprived her of a fair trial. Defendant failed to preserve her challenge to the court's remarks regarding an objection made during her testimony, and we decline to review it in the interest of justice. Alternatively, even if the court's comments should have been made outside the jury's presence, this likewise did not deprive defendant of a fair trial.
Defendant failed to preserve her argument that the court should not have permitted any questions posed by jurors and alternate jurors to defendant. Counsel's sole objection to the "never-ending" nature of this procedure is unrelated to her present claims. We decline to review them in the interest of justice. As an alternative holding, we find that the court providently exercised its discretion in permitting those questions (see e.g. People v Bacic, 202 AD2d 234, 235[*2][1st Dept 1994], lv denied 83 NY2d 1002 [1994]), that the questions posed by jurors were not prejudicial, and that defendant's remaining arguments on this subject are unavailing.
In any event, any preserved or unpreserved error in the jury questioning, was harmless in light of the overwhelming evidence of guilt (see People v Crimmins, 36 NY2d 230 [1975]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 22, 2023