People v Foreman (2024 NY Slip Op 00035)

People v Foreman

2024 NY Slip Op 00035

Decided on January 04, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 04, 2024

Before: Singh, J.P., Scarpulla, Pitt-Burke, Higgitt, O'Neill Levy, JJ. 

Ind No. 488/17 SCI No. 377/16 Appeal No. 1336 Case No. 2019-4383 

[*1]The People of the State of New York, Respondent,
v
Thomas Foreman, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Nathan R. Brown of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Caroline S. Williamson of counsel), for respondent.

Judgment, Supreme Court, New York County (Stephen Statsinger, J., at diversion hearing; Felicia Mennin, J., at plea and sentencing), rendered December 11, 2017, convicting defendant, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony drug offender, to an aggregate term of two years, to run concurrently with the resentence imposed for violation of probation under SCI 377/16, unanimously affirmed.
Defendant's challenges to the court's denial of his application to participate in the judicial diversion program are unpreserved, and we decline to review them in the interest of justice. As an alternative holding, we find that the court providently exercised its discretion in denying the application (see People v Smith, 139 AD3d 131, 134 [1st Dept 2016], lv denied 28 NY3d 1031 [2016]). The court's determination was supported by defendant's extensive criminal history, his violations of probation, and the conclusion of a case manager from the judicial diversion program that defendant would not be a suitable candidate for the program (see People v Young, 184 AD3d 443, 444 [1st Dept 2020], lv denied 35 NY3d 1071 [2020]; see also CPL 216.05[3][b]). There is no basis for disturbing that determination because the record does not reflect that granting defendant's request for judicial diversion would have been appropriate (People v O'Keefe, 112 AD3d 524, 525 [1st Dept 2013], lv denied 23 NY3d 1023 [2014]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 4, 2024