People v Kirk (2025 NY Slip Op 00062)

People v Kirk

2025 NY Slip Op 00062

Decided on January 07, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 07, 2025

Before: Singh, J.P., Kapnick, Scarpulla, Pitt-Burke, O'Neill Levy, JJ. 

Ind. No. 4245/17 Appeal No. 3410 Case No. 2019-05087 

[*1]The People of the State of New York, Respondent,
v
Malik Kirk, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Brett Anthony Bauth of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Michael D. Tarbutton of counsel), for respondent.

Judgment, Supreme Court, New York County (Guy H. Mitchell, J. at judicial diversion hearing; Steven M. Statsinger, J. at plea and sentencing), rendered September 18, 2019, convicting defendant, upon his plea of guilty, of criminal sale of a controlled substance in or near school grounds, and sentencing him to 3 years' probation and 10 days of community service, unanimously modified, as a matter of discretion in the interest of justice, to the extent of vacating the surcharge and fees imposed at sentencing, and otherwise affirmed.
Defendant failed to preserve his arguments that the court did not state its findings as to the factors relevant to judicial diversion under CPL 216.05(3)(b), and that the court employed an improper standard in assessing whether his substance use contributed to his criminal behavior (CPL 216.05[3][b][iii]), and we decline to review them in the interest of justice (see People v Foreman, 223 AD3d 418 [1st Dept 2024], lv denied 41 NY3d 965 [2024]). As an alternative holding, we reject those arguments on the merits, and find that the court providently exercised its discretion in denying defendant's application to participate in the judicial diversion program (see generally People v Smith, 139 AD3d 131, 134 [1st Dept 2016], lv denied 28 NY3d 1031 [2016]; see also People v Ratliff, 217 AD3d 585, 585 [1st Dept 2023], lv denied 40 NY3d 952 [2023]). The court's determination was supported by the conclusion of a case manager from the judicial diversion program that defendant would not be a suitable candidate for the program (see People v Foreman, 223 AD3d at 418), and the court's finding that defendant's marijuana use was not a contributing factor to his drug-selling activity (see People v Ratliff, 217 AD3d at 585; see also CPL 216.05[3][b]).
In any event, defendant requests dismissal of the indictment rather than vacatur of the judicial diversion determination, and he expressly requests this Court to affirm the conviction if it does not grant a dismissal. Since we do not find that dismissal would be appropriate under the circumstances of this case, we affirm on this basis as well (see e.g. People v Teron, 139 AD3d 450 [1st Dept 2016]).
Based on our own interest of justice powers, we vacate the surcharge and fees imposed on defendant at sentencing (see People v Chirinos, 190 AD3d 434 [1st Dept 2021]). We note that the People consent to this relief.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 7, 2025