People v Soto (2025 NY Slip Op 06821)

People v Soto

2025 NY Slip Op 06821

Decided on December 09, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 09, 2025

Before: Webber, J.P., Scarpulla, Rodriguez, Higgitt, Chan, JJ. 

Ind No. 2752/17|Appeal No. 5326|Case No. 2018-4623|

[*1]The People of the State of New York, Respondent,
v
Angel Soto, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Katheryne M. Martone of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Matthew Colangelo of counsel), for respondent.

Judgment, Supreme Court, New York County (Patricia M. Nunez, J. at judicial diversion hearing; Felicia A. Mennin, J. at plea and sentencing), rendered July 10, 2018, convicting defendant, upon his plea of guilty, of criminal possession of a controlled substance in the third degree, and sentencing him to five years of probation, unanimously affirmed.
Defendant's purported waiver of his right to appeal was invalid. The oral colloquy improperly characterized the appeal waiver as an absolute bar to taking an appeal (People v Shanks, 37 NY3d 244, 253 [2021]). Further, the court did not "make clear that some issues are nonwaivable" (People v Cruz, 234 AD3d 498, 498 [1st Dept 2025], lv denied 43 NY3d 944 [2025]).
In any event, the court's determination was supported by defendant's lack of candor regarding his substance abuse in the diversion evaluation, his reports to a treatment program, and his testimony at the hearing which supported the court's finding that his cocaine use was not a contributing factor to his drug-selling activity (see People v Kirk, 234 AD3d 452, 453 [1st Dept 2025], lv denied 43 NY3d 945 [2025]; Ratliff, 217 AD3d 585, 585 [1st Dept 2023], lv denied 40 NY3d 952 [2023] 585; see also CPL 216.05[3][b][iii], [iv]).
Moreover, defendant requests dismissal of the indictment, which would not be appropriate under the circumstances of the case (see Kirk, 234 AD3d at 453).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 9, 2025